SIMS (JOHNSON v.).   See Case No. 7,413.

---

## Case No. 12,891.

### SIMS v. LYLE.

[4 Wash. C. C. 301.] [1]

Circuit Court, E. D. Pennsylvania.   Oct. Term, 1822.

PLEADING IN EQUITY—PLEA IN BAR—EQUITY—MISTAKE.

1. What are the requisites to constitute a good plea in bar in equity.

2. A mistake, which is nothing more than a misconception of the law, is no ground for relief in equity.

This case came on upon bill and plea. The former states that Nicklin and Griffith, being indebted to the plaintiff in the sum of $21,762, Griffith, the surviving partner, for the purpose of securing the said debt, did, by two instruments executed the 20th of April, 1807, covenant to convey to the plaintiff certain lands, to be disposed of at the end of five years if the debt should not then be paid, and also the interest of Nicklin and Griffith in the cargo of the Triton; in consideration whereof, the plaintiff covenanted that he had not, and would not, employ any legal process to affect the joint or separate interest of said Nicklin and Griffith, or the person of Griffith, and on breach of this covenant on the part of the plaintiff, the agreement to be void; and further, that the said agreement should not affect the claims of the plaintiff against the joint or separate property of Nicklin and Griffith, should the said lands, at the end of the five years, be found unequal to satisfy the debt then due to the plaintiff. The bill further states, that the plaintiff had fully complied with his part of the agreement, and that he had always considered himself restrained by his said covenant from bringing any suit to affect the joint or separate estate of Nicklin and Griffith, on account of the debt due him. That conveyances for the said lands were executed in July, 1807, by Griffith to the plaintiff; but that the same, for defect of title, and other causes, were of no value, and, as well as the cargo of the Triton, have been totally unproductive. That on the 7th of December, 1807, Griffith executed a general assignment of all the partnership effects of Nicklin and Griffith, and of his individual estate, to the defendants, in trust for such of the creditors of Nicklin and Griffith as should, within one year from the date of the

---

[2] [From 1 Pet. Adm. 157.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

deed, execute a covenant not to proceed against the person of the said Griffith or his estate for any debt contracted before the death of said Nicklin, or since, with the said Griffith, as his surviving partner, or in his own right; that the trustees accepted the trust, and possessed themselves of the effects so assigned to them, and after turning them into money, have made a dividend thereof among many of the creditors, excluding the plaintiff altogether, and refuse to pay any part of his claim; that although the plaintiff has considered, and still considers himself bound by his agreement of April, 1807, not to prosecute any suit against Griffith, or the effects of Nicklin and Griffith, or of Griffith for his debt; still, to remove all objections, he did, in the year 1813, execute and deliver to the agent of the defendant a covenant not to proceed against the person or estate of the said Griffith, in the same terms as the other creditors had done; of which the defendants had notice. The prayer is for an account of the moneys received by the defendants under the assignment, and that the dividend to which the plaintiff is entitled, may be ascertained and paid to him.

Sims having died since filing the bill, it has been revived in the name of his executors, and the plea is put into both bills. It states that the bill seeks a discovery and relief from the defendants, as assignees of the said Griffith, of all the effects which have come to their hands under the assignment in the bill mentioned, claiming, as one of the creditors of Nicklin and Griffith, a dividend of the said effects; that in the said bill it is further stated, that, on the 7th of December, 1807, the said Griffith made an assignment of all the estate and effects of Nicklin and Griffith, and of Griffith, to the defendants, in trust for their creditors, with a proviso that no creditor, joint or separate, should be entitled to any part of the trust estate who should not, within one year from the date of the assignment, execute a covenant not to proceed against the person of the said Griffith, or his estate, for any claim contracted before the death of Nicklin, or since his death contracted with said Griffith, as his surviving partner, or on his own account. The plea then avers, that the said Sims, although he lived many years after the date of the said assignment, did not, within one year from the said 7th of December, 1807, execute a covenant not to proceed, &c. (following the proviso in the assignment), nor did he, within the said year, in any other manner release the said Griffith or his estate from any claim or demand contracted before the death of Nicklin, or afterwards with the said Griffith, according to the true intent and meaning of the said proviso; and further, that the said Sims had due notice of the said assignment and proviso, at or immediately after the execution of the said assignment, and within twelve months from the date thereof, viz. on the 1st of January, 1808;

all which the defendants plead in bar of the said bill, and demand judgment if they shall further answer, &c.

The question, in this stage of the cause, arose upon a motion to overrule the plea, because it does not admit or deny all the facts stated in the bill, nor is it accompanied by an answer denying those facts. Cases cited, Coop. Ch. Prac. 225; 1 Har. Ch. Prac. 227, 305; 14 Ves. 65; 1 Atk. 52; 3 Atk. 558; 2 Brown, Ch. 142; Ferguson v. O'Harra [Case No. 4,740].

On the other side it was insisted, that an answer is not necessary, unless where it is required to support the plea. Mitf. Eq. Pl. 222.

Mr. Rawle, for plaintiff.
Mr. Tod, for defendant.

WASHINGTON, Circuit Justice. The ground of the present motion is, that the plea does not admit or deny all the allegations stated in the bill; and therefore an answer to that extent is so indispensable that the court must overrule the plea, whether the matter pleaded amount to a bar or not.

The court can by no means accede to this proposition. The practice of the courts of equity is quite otherwise. A plea, being nothing more than a special answer to the bill, setting forth and relying upon some one fact, or a number of facts, tending to one point, sufficient to bar, delay, or dismiss the suit, it would be a vice in the plea to cover any other parts of the bill than such as concern the particular subject of the bar, its office being to reduce the cause, or some part of it, to a single point, and thus to prevent the expense and trouble of an examination at large. It is true, that all facts essential to render the plea a complete defence to the bill, so far as the plea extends, must be averred in it, or it will be no defence at all. If the plea be to the whole of the bill, it must cover the whole; that is, it must cover the whole subject to which the plea applies, and which it professes to cover, or it will be bad: as if the bill respect a house and so many acres of land; and the plea, professing to cover that charge, pleads only in bar as to the house; but if it cover the whole subject, and contains a full defence in relation to it, there is no necessity, nor would it be proper to notice other parts of the bill not involved in the subject to which the plea applies. If the plea be only to a part of the bill, the rest of the bill ought to be answered, or else the court would consider the parts not embraced by the plea, or answered, as true. But there is no instance where the plea contains in itself a full defence to the bill, that an answer is necessary, unless it is rendered so, in order to negative some equitable ground stated in the bill for avoiding the effect of the anticipated bar: as where fraud, combination, facts intended to

avow the force of the statute of fraud, or to bring the plaintiff within some of the exceptions to the act of limitations, as the one or the other of these defences may be expected; and in those and similar cases, the defendant is bound not only to deny those charges in his plea, but to support his plea by an answer, also denying them fully and clearly. If every plea required an answer to accompany it, there would be no use for the twentieth rule lately established by the supreme court (which is conformable to the English practice), which declares, that if the plea be overruled, the defendant shall proceed to answer the bill; since the argument supposes that the bill has already been answered.

In this case, the plea professes to go to the whole bill, and does in fact cover the whole subject to which the plea applies; and if the matter of it be a full defence to the suit, it is unnecessary to answer other parts of the bill, not involved in the subject which forms the ground of the defence.

The plaintiff's counsel will be at liberty to argue the plea on its merits, or to reply to it, as he may think proper.

[NOTE. This cause was again argued on the validity of the bar relied on in the plea. It was held that the plaintiff was barred of the relief prayed for, and the plea was allowed. The bill was therefore dismissed. Case No. 12,892.]