CRESCENT CITY LIVE-STOCK, LANDING & SLAUGHTER-HOUSE CO. *v.*
BUTCHERS' UNION LIVE-STOCK, LANDING &
SLAUGHTER-HOUSE CO.*

(*Circuit Court, E. D. Louisiana.* April 25, 1882.)

1. JURISDICTION.

When there is a federal question involved in the suit, the circuit court has jurisdiction without regard to the citizenship of the parties.

2. LIS PENDENS.

The pendency of a similar suit between the same parties in the state court is not sufficient ground in law to sustain a plea of *lis pendens.*

Stanton v. *Emery,* 93 U. S. 554.

Ins. Co. v. *Brune,* 96 U. S. 588.

3. EQUITY PLEADING—RULES 32 AND 37.

Under the thirty-second rule in equity a defendant may demur to part of a bill, plead to a part, and answer to the residue; and under the thirty-seventh rule no demurrer or plea shall be held bad and overruled upon argument only because the answer of the defendant may extend to some part of the same matter as may be covered by the demurrer or plea; but there is no rule which allows a defendant to demur to the whole bill, plead to the whole bill, and answer to the whole bill at the same time.

*Thomas I. Semmes, Robert Mott,* and *Henry Kelly,* for complainant.
*B. R. Forman,* for defendant.

PARDEE, C. J., (BILLINGS, D. J., *concurring.*) This cause has been set down for hearing, and heard, on demurrer and pleas. The demurrer is a general one, going to the whole bill. The questions raised by it have been practically disposed of on the hearing heretofore had for a preliminary injunction. As we adhere to our opinions given on that hearing, the demurrer must be overruled.

The first plea sets up a forfeiture of complainant's charter and rights by reason of having removed the grand slaughter-house, as originally located on the right bank of the Mississippi river, under the provisions of act No. 118 of 1869, to the left bank of the river. This plea is insufficient, as, under the terms of said act 118 of 1869, such removal would not work a forfeiture of complainant's charter and exclusive rights, even if such forfeiture could be inquired into collaterally.

The second plea is to the jurisdiction of the court, on the ground that both complainant and defendant are citizens of Louisiana. The federal question involved in this suit, to-wit, the constitutionality

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

of certain articles of the constitution of the state of Louisiana under which the defendant claims and exercises rights which impair the validity of complainant's contract, making a case in equity arising under the constitution and laws of the United States, gives the court jurisdiction. This is no longer an open question.

The third plea sets forth that there is a suit between the same parties on the same causes of action depending in the state court. This plea is insufficient in form and substance in not showing when the suit in the state court was commenced,—whether prior or subsequent to this suit; whether issue was joined, etc. See Story, Eq. Pl. § 737. And it is insufficient in law. *Stanton* v. *Ebury*, 93 U. S. 554; *Ins. Co.* v. *Brune*, 96 U. S. 588.

The fourth plea avers certain articles of the Louisiana constitution of 1879, abolishing monopolies and giving the regulation of slaughter-houses to the municipal corporations, which latter have enlarged the limits within which slaughtering of animals for food may be done. The effect of the article of the Louisiana constitution abolishing monopolies, as affecting complainant's rights, has been passed upon in this case. We still adhere to the opinion that complainant's exclusive right, contracted under act No. 118 of 1869, is not affected by the constitution of 1879. This plea also must be held insufficient.

We notice that with the demurrer to the whole bill and four separate pleas, each going to the whole bill, there is also filed an answer to the whole bill, in which all the matters averred in the pleas are again set forth. Under the thirty-second equity rule a defendant may demur to part of a bill, plead to part, and answer as to the residue. Under the thirty-seventh equity rule no demurrer or plea shall be held bad and overruled upon argument only, because the answer of the defendant may extend to *some* part of the same matter as may be covered by such demurrer or plea. But we do not understand that there is any rule that allows a defendant to demur to the whole bill, plead to the whole bill, and answer to the whole bill at the same time. The effect of such pleading is that the plea is taken as waiving the demurrer, and the answer as waiving the plea. See Daniell, Ch. 787, 788.

In this view of the case, as well as for reasons before given, the demurrer and pleas filed herein should be overruled. And it is so ordered.

See same case, 9 FED. REP. 743.