HUNTINGTON v. LAIDLEY et al.

(Circuit Court, D. West Virginia. March 31, 1897.)

1. EQUITY PLEADING—PLEA AND ANSWER.
A plea containing a full defense to the bill is waived by also filing an answer which goes to the whole bill; but if the answer does not go to the whole bill, and is filed merely to fortify the plea by denying allegations of fraud, this is in accordance with the requirement of equity rule 32, and any new matter, or prayer for affirmative relief, may be stricken out or regarded as surplusage.

2. SAME—RES JUDICATA.
In a suit to set aside deeds for fraud, a plea of res judicata need not specifically deny the charges of fraud in the bill concerning the deeds; there being no charge of fraud as to the obtaining of the judgments relied upon as a bar.

3. SAME.
Equity rule 37, which provides that "no demurrer or plea shall be held bad and overruled upon argument only because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea," does not apply where the plea extends to the whole bill.

This was a suit in equity by Collis P. Huntington, as special receiver of the Central Land Company of West Virginia, against John B. Laidley and others, to set aside a deed for fraud. On motion to strike out plea and answer.

Simms & Enslow, George C. Sturgiss, and Maxwell Evarts, for complainant.

James F. Brown, J. H. Holt, Wm. E. Chilton, and A. F. Mathews, for defendants.

GOFF, Circuit Judge. The amended bill in this cause was filed January 26, 1894; and the plea and answer of the defendants, on the 26th of February, 1896. The case is now before the court on the complainant's motion to strike out the said plea and answer. The defendants allege in the plea that the complainant is estopped from

raising the matters and things set forth in the bill, because that most of them have been decided against the Central Land Company, of which complainant is receiver, in certain suits heretofore determined in the state courts of West Virginia, the same being courts of competent jurisdiction, and the judgments rendered therein being now unreversed and still in full force and effect, and also that the complainant by said judgments is equally concluded and prevented from raising all the other matters set forth in the bill. The defendants accompany the plea with an answer denying the allegations of fraud as set out in the bill, and the facts on which the same are said to be founded, and asking for affirmative relief. Complainant insists that the plea goes to the whole of the amended bill, and that under our general chancery practice the same is overruled by the answer. The defendants claim that their pleading is justified by the thirty-second equity rule, which reads as follows, viz.:

"The defendant may, at any time before the bill is taken for confessed, or afterwards with the leave of the court demur or plead to the whole bill, or part of it, and he may demur to part, plead to part, and answer as to the residue; but in every case in which the bill specially charges fraud or combination, a plea to such part must be accompanied with an answer fortifying the plea, and explicitly denying the fraud and combination, and the facts on which the charge is founded."

It will be noticed from an examination of the pleadings that the plea proper is to the entire bill, and that the answer, so far as it is responsive to the bill, is only a denial of the fraud and combination, and the facts relating thereto, specifically set forth in the bill. The defendants have thus availed themselves of their undoubted right to plead to the whole bill. If they had also answered the whole bill, then unquestionably the plea would have been thereby overruled. If such plea had contained in itself a full defense of the bill, an answer would have been unnecessary, and would have been taken as a waiver of the plea. Ferguson v. O'Harra, Pet. C. C. 493, Fed. Cas. No. 4,740; Sims v. Lyle, 4 Wash. C. C. 301, Fed. Cas. No. 12,891. The plea in the case at bar professes to cover the whole bill, and therefore, under our general equity practice, an answer was not necessary; nor has one, in the sense we use that word in, been filed. That part of the pleading which is called the "answer" is intended, not as an answer to the entire bill, but it is tendered for the purpose of fortifying the plea and denying the fraud charged, and is filed under the requirements of the latter part of said rule 32. As a matter of course, the new matter alleged and the affirmative relief asked should not have been incorporated into the pleading, which should have been confined to the purposes mentioned in that rule. That which was so improperly introduced into the pleading will be considered as surplusage, or stricken out, as may hereafter be deemed best. If the plea is good, it disposes of the allegations of fraud set forth in the bill concerning the deed made by Sarah H. G. Pennybacker to John B. Laidley, which were raised in the pleadings, and disposed of by the judgments rendered in the suits brought and decided in the courts of the state of West Virginia, and it does so by virtue of its power and effect as a plea of res adjudicata; and consequently it was not required that such allegations should be specially denied in the

plea filed in this cause, as the object of the bill is to set said deed aside for the frauds said to have been committed preceding the rendition of the judgments so pleaded in bar, and no charge of fraud is made as to the obtaining of said judgments; it being kept in mind in this connection that the answer filed in support of the plea denies the charges of fraud pertaining to the other matters, as to which the plea claims that the complainant is also concluded.

In this case the defendants interposed no demurrer to this amended bill, or to any part thereof, nor did they plead to part and answer as to the residue, but they pleaded to the whole bill; and as the bill specially charged fraud, and the rule required that in every case of that character a plea to such part should be accompanied with an answer fortifying the plea and denying the fraud and combination alleged, as also the facts on which the charge was founded, such answer was made a part of the pleading.    This we think was proper, and to hold otherwise would be to deny to defendants the right to file a plea in a case in which fraud was charged, unless the plea applied to a part only of the bill.    Such construction of the rule mentioned is not, in our opinion, justified by the language of the same, nor warranted by the practice under it.    But it must be understood that the answer so accompanying the plea will be restricted to the purpose of denying the fraud and combination charged, and that it cannot in the further proceedings in this cause be put to any other use.    Rule 37, equity practice, referred to by counsel in argument, does not apply to this case, as the plea here extends to the whole bill. If the plea had applied to a part only, and an answer had been filed to the residue, which also extended in part to some matter covered by the plea, then that rule would have saved the plea, in the absence of other objections that the answer had reference to some part of the same matter as was covered by the plea.    In other words, that rule only applies in cases where the demurrer or plea extends to only a part of the bill, and the answer is intended to cover the residue. Under the practice as it existed previous to the adoption of this rule, if the plea was to a part only, and the answer to the remainder, and such answer, by inadvertence or otherwise, referred to the matters covered by the plea, the effect was to overrule the latter.    The thirty-seventh rule was evidently intended to change that practice, as a careful examination of its provisions will show.    It reads as follows:

"No demurrer or plea shall be held bad and overruled upon argument, only because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea."

The motion to strike out the plea and answer must be overruled. The effect they are to have, or the disposition that may be made of them, treating them as a part of the record of this cause, is yet to be determined.