### DAY v. BECK & GREGG HARDWARE CO. et al.

(Circuit Court of Appeals, Fifth Circuit. April 29, 1902.)

No. 1,107.

1. BANKRUPTS—ACTS OF BANKRUPTCY—ASSIGNMENTS FOR CREDITORS.

A debtor who makes a general assignment for the benefit of creditors may be declared an involuntary bankrupt,—that being specified as an act of bankruptcy by Bankr. Act, § 3 (30 Stat. 544),—and his actual solvency is no defense.

2. SAME—TIME FOR ADJUDICATION.

30 Stat. 544, § 18b, gives the bankrupt or any creditor 10 days after the return day in which to appear and plead to the petition in involuntary bankruptcy. Section 18e provides that if, on the last day within which pleadings may be filed, none are filed, the judge shall on the next day, or as soon as practicable, make the adjudication or dismiss the pe-

tition. Section 31 provides that time shall be computed by excluding the first day and including the last. The subpœna in involuntary bankruptcy fixed August 28th as the return day, and on September 7th the bankrupt filed an answer, which was stricken out because not verified, and on the same day the adjudication of bankruptcy was made. *Held*, that the bankrupt or any creditor had until the expiration of September 7th in which to file a sufficient answer, and the adjudication was premature.

3. SAME—JURY TRIAL.
Under 30 Stat. 544, § 19, providing that a person against whom a petition in involuntary bankruptcy has been filed is entitled to have a trial by jury as to any act of bankruptcy alleged to have been committed, on filing a written application therefor at or before the time in which an answer may be filed, a bankrupt is entitled to demand a trial by jury of the question whether he has made a general assignment for creditors, on proper demand.

Appeal from the District Court of the United States for the Northern District of Alabama.

J. A. Estes, for appellant.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. The Beck & Gregg Hardware Company, a corporation, and other creditors of J. R. Day, on August 10, 1901, filed a petition in involuntary bankruptcy against him. The petition averred the requisite amount of debts, and was in the usual form, but did not allege that the debtor was insolvent. The act of bankruptcy alleged was that J. R. Day, within four months next preceding the date of the petition, "made a general assignment for the benefit of his creditors to H. W. Sweet." A subpœna was issued on the petition on August 12, 1901, which fixed August 28, 1901, on which the defendant, J. R. Day, was to appear and answer. This was served on the defendant on the day it issued. On September 7, 1901, the defendant, J. R. Day, filed an answer in which he denied "each and every allegation of the petition filed against him in said entitled cause." He also alleged that he was solvent. He filed with his answer the following demand, signed by his counsel: "And for the trial of this case upon the issues tendered by the foregoing pleas, the said J. R. Day, respondent, demands a trial by jury." On the same day that this answer and demand were filed, the petitioners moved to strike them from the files. The court granted the motion, and on September 7, 1901, made an order adjudging J. R. Day to be a bankrupt. From this order Day has appealed to this court (30 Stat. 544, § 25), and it is assigned that the court erred in striking the answer and demand from the files, and in adjudging the appellant to be a bankrupt.

1. Among the acts of bankruptcy specified in the statute is that the debtor has "made a general assignment for the benefit of his creditors." 30 Stat. 544, § 3. Where the petitioners rely on this ground, it is not necessary to allege or prove that the defendant is insolvent. In such case the solvency of the defendant is no defense. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098.

2. The subpœna fixed August 28, 1901, as the return day. The bankrupt or any creditor may appear and plead to the petition within 10 days after the return day, or within such further time as the court

may allow. 30 Stat. 544, § 18b. If on the last day within which pleadings may be filed, none are filed by the bankrupt or any of his creditors, the judge shall on the next day, if present, or as soon thereafter as practicable, make the adjudication or dismiss the petition. Id. § 18e. In computing the time allowed the defendant to plead, the first day is excluded, and the last included. Id. § 31. Applying this rule, the respondent had until the expiration of September 7th in which to plead. If it be conceded that the answer of the defendant was properly stricken from the files because not verified, he or any creditor of the defendant was entitled to file a sufficient answer at any time before the expiration of the 7th day of September. If no answer at all had been filed within the time allowed, on the next day after the time for answer expired, or as soon thereafter as practicable, the judge could make the adjudication or dismiss the petition. It is premature to adjudge the defendant a bankrupt before the time for filing an answer has expired.

3. A person against whom an involuntary petition has been filed is entitled to have a trial by jury as to any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed. Id. § 19. In this case the defendant was entitled to demand a trial by jury of the question whether he had made a general assignment for the benefit of his creditors. He was entitled to make such demand at any time within which he could file an answer. Id. § 19. The answer filed by the defendant on the 7th of September contained a denial of all the averments of the petition, including the allegation that he made a general assignment. He filed with his answer a demand for jury trial. The statute gives him this right.

Questions were raised as to the verification of the petition and the answer, which we need not consider. The parties would be allowed to amend their pleadings, if necessary, by having them duly verified as they may be advised.

The judgment of the court of bankruptcy is reversed. Reversed.