# JUANA DASTAS GARROSI

*v.*

# TOMAS GARROSI ET AL.

---

EQUITY—PLEADINGS—CONJUGAL PROPERTY—DIVORCE.

1. A married woman must sue by her next friend.

2. A wife, in Porto Rico, cannot sue for her part of the conjugal earnings and property until after the dissolution of her marriage; but the estate arising during the marriage belongs, upon the dissolution of it, equally to her and her husband. Until then he is the administrator of it, and he can alienate or encumber it in good faith and for a consideration; but the wife cannot.

3. A defendant cannot plead to the whole bill and at the same time answer all of it. The answer overrules the plea.

4. A proposed amendment to the bill, averring that since it was filed a divorce has been granted, and to enlarge the prayer by asking the taking of an account by a master, should be allowed.

March 16, 1904.

---

*Mr. F. H. Dexter,* solicitor for complainant.

*Mr. C. M. Boerman,* solicitor for defendants.

HOLT, Judge, delivered the following opinion:

This action was begun by Juana Dastas Garrosi, as the wife of Tomas Garrosi, against him in an insular district court, in October, 1901, seeking to recover her interest in the conjugal property. They had not then been divorced. It also sought

Dastas Garrosi v. Garrosi.

to annul certain conveyances of real estate and mortgage credits, which were claimed to be community property, that had been made by the husband to Juana Maria Gonzalez and Domingo Piazza, and they were also made defendants. By proper proceedings the action was transferred to this court; and the complainant having elected to prosecute it in equity, a reform bill was filed, making Quintin G. Ramirez, who had purchased one of the credits, a defendant.

The defendants demurred to the bill upon the ground that the complainant was a *feme covert,* and therefore without right to sue. A married woman must sue by her next friend. Equity rule 87 provides for her doing so; and if she does not, a demurrer will lie. This was confessed by the complainant thereupon filing an amended bill, suing in the name of her next friend, Luis Dastas, and therefore the demurrer need not be further considered.

The defendants, Tomas Garrosi, Domingo Piazza, and Juana Maria Gonzalez, filed an answer, uniting in it and a plea also.

The defendant Ramirez filed a separate answer, a plea being also embraced in it. The cause was submitted by the defendants upon the pleas and also upon motion of the complainants to strike same. The ground of both pleas is the same, to wit, that the parties not having been divorced, the wife could not maintain a suit as to the community property; that so long as the matrimonial community existed, she could not sue as to the conjugal property. This is matter in abatement.

The motion to strike the pleas was upon the ground that there was no certificate by the solicitor that in his opinion they were well founded in law. This was supplied, however, as to each plea. Also that the verification by the defendants was insufficient in failing to state that the plea was not interposed for mere delay; also that the plea of Tomas Garrosi, Domingo

Dastas Garrosi v. Garrosi.

Piazza, and Juana Maria Gonzalez, as well as their answer, went to the entire bill. The latter is true, and is not allowable.

It is true that a wife cannot sue for her part of the conjugal earnings and profits until after a dissolution of the marriage; but by article 1392 of the local Civil Code, the estate arising during marriage belongs, upon its dissolution, equally to her. Until then the husband is the administrator of it, and he may alienate or encumber it in good faith and for a consideration; but the wife cannot do so.

The defendant, however, cannot plead to the whole of a bill, and at the same time answer all of it. He may plead to a part of it and answer the rest, or he may plead to all of it. A plea to the whole bill is overruled by an answer to all of it. Such an answer waives the plea, and it should be disregarded. Crescent City L. S. L. & S. H. Co. v. Butchers' Union L. S. L. & S. H. Co. 12 Fed. 225; Hudson v. Randolph, 13 C. C. A. 402, 23 U. S. App. 681, 66 Fed. 216; Huntington v. Laidley, 79 Fed. 865.

Equity rule 37 does not authorize a defendant to both plead to and answer the entire bill. It applies where there is a plea to a part of a bill and an answer as to the residue, which also extends in part to some matter embraced by the plea.

All question as to the pleas is, however, obviated, because the complainant moves to amend the bill by averring that since it was filed a divorce has been granted, and to enlarge the prayer by asking the taking of an account by a master. The proposed amendment is embraced in the motion, and it is right and equitable to permit it to be filed, and it is so ordered. The replications of the complainant to the two answers, which were tendered March 2d, 1904, are ordered to be filed, and the cause will proceed.