In re COOPER BROS.

(District Court, E. D. Pennsylvania.  March 14, 1908.)

No. 2,960.

1. BANKRUPTCY—EQUITY—PLEADING—RULES—DEMURRER—WAIVER.

General bankruptcy order 37 (89 Fed. xiv) declares that in proceedings in equity instituted to carry into effect the provisions of the act, or to enforce the rights and remedies given thereby, the rules of equity practice shall be followed, and equity rule 37 declares that no demurrer or plea shall be held bad and overruled on argument only because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea. *Held*, that rule 37 only covers cases where the demurrer and answer each attacked only part of the bill and overlapped, and did not apply where a demurrer and answer to an involuntary bankruptcy petition were filed together, and both attacked the whole petition, in which case the demurrer would be regarded as waived.

2. SAME—PLEADING—TIME.

In a bankruptcy proceeding, defendant will be protected, notwithstanding his demurrer is filed too late, if it is not for delay only; and in proper cases time to plead or answer may be extended under Bankr. Act July 1, 1898, c. 541, § 18b, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], providing that five days after return shall be allowed within which the bankrupt or creditors may appear or plead, or within such time as the court may allow, and authorizing the judge to consider a meritorious pleading, though filed late.

In Bankruptcy.  On demurrer and answer.

J. Howard Reber, for creditors.

Henry N. Wessel, for bankrupts.

HOLLAND, District Judge.  To the creditors' involuntary petition in bankruptcy a demurrer and answer were filed together, the first and second paragraphs of which constitute a demurrer to the whole of the petition, and paragraph 3 an answer to the whole thereof.  This case is on the list for trial at this term, and counsel for the petitioners insist that it is properly there, because, by answering to the whole of the petition at the same time a demurrer is filed to the whole thereof, the defendant has by his answer waived his demurrer, and the case is on the list on the petition and answer, at issue, ready for trial.

Bankruptcy proceedings, as distinguished from independent suits in law, are controlled by the equity rules established by the Supreme Court.  It is provided by general order 37 (89 Fed. xiv) that any proceedings in equity, instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights and remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be; but the judge may, by special order in any case, vary the time allowed for the return of process, for appearance and pleading, and for taking testimony and publication, and may otherwise modify the rules for the preparation of any particular case so as to facilitate a speedy hearing.

Turning, now, to the equity rules of the Circuit Court, which were promulgated by the Supreme Court of the United States, nothing will

be found which deals with the question at issue. Equity rule 37, that "no demurrer or plea shall be held bad and overruled upon argument only because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea," is manifestly intended to cover only cases where the demurrer and answer each go to only part of the bill and happen to overlap, and not where both the answer and the demurrer are to the whole of the bill. Adams et al. v. Howard et al. (C. C.) 9 Fed. 347; Crescent City, etc., Co. v. Butcher's Union, etc., Co. (C. C.) 12 Fed. 225; Huntington v. Laidley et al. (C. C.) 79 Fed. 865; Mercantile Trust Co. v. Missouri, etc., Co. (C. C.) 84 Fed. 379; Strang v. Richmond P. & C. Co., 101 Fed. 511, 41 C. C. A. 474; Grant v. Phœnix Life Ins. Co., 121 U. S. 115, 7 Sup. Ct. 841, 30 L. Ed. 905.

As the prescribed rules do not apply, equity rule 90 of the Supreme Court directs that the practice of the High Court of Chancery in England, in 1842, shall govern. Rule 90 provides:

"In all cases where the rules prescribed by this court or by the Circuit Court do not apply, the practice of the Circuit Court shall be regulated by the present practice of the High Court of Chancery in England so far as the same may be reasonably applied consistently with the local circumstances and local convenience of the district where the court is held, not as positive rules but as furnishing just analogies to regulate the practice."

In a note by the court to the case of Thomson and Others v. Wooster, 114 U. S. 112, 5 Sup. Ct. 788, 29 L. Ed. 105, Justice Bradley said:

"Reference is made to the first edition of Daniell (published 1837) as being. with the second edition of Smith's Practice (published the same year), the most authoritative work on English Chancery Practice in use in March. 1842, when our equity rules were adopted. Supplemented by the general orders made by Lords Cottenham and Langdale in August, 1841 (many of which were closely copied in our own rules), they exhibit that 'present practice of the High Court of Chancery in England,' which by our ninetieth rule was adopted as the standard of equity practice in cases where the rules prescribed by this court, or by the Circuit Court, do not apply."

In the first edition of Daniell's Equity Practice, of which the first volume was issued in 1837, and the second volume in 1840, it appears, in the latter, at page 347, that:

"All or any of the several modes of defense before enumerated may be joined in a defense to one bill; thus a defendant may demur to one part of the bill, plead to another, answer to another, and disclaim as to another." But "all these defenses must clearly refer to separate and distinct parts of the bill, for a defendant cannot plead to that part to which he has already demurred, neither can he answer to any part to which he has either demurred or pleaded: the demurrer demanding the judgment of the court whether he shall make any answer, and the plea whether he shall make any further answer than that contained in the bill. * * * A plea or answer will therefore overrule a demurrer, and an answer, a plea," etc.

The general orders of Lords Cottenham and Langdale of August, 1841, modified the strictness of the above regulations by directing that:

"No demurrer or plea shall be held bad and overruled on argument * * * only because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea." Daniell's Chancery Pleading and Practice (Perkins' Ed., 1865) p. 792.

It is from these our rule 37 was taken; and in all cases not coming strictly within the terms of these orders the principles quoted above from Daniell's first edition still apply. Daniell's Chancery Pleading and Practice (Perkins' Ed.) 792. And this practice is sustained by nearly all the authorities on equity pleading.

In 16 Cyc. 259, it is said:

"Care should be taken not to cover any portion of the bill by two modes of defense, the rule being that one may not at the same time demur and plead to the same matter, or demur and answer to the same matter."

And on page 218:

"If defendant demurs, and afterwards answers as to the same matter, the demurrer is overruled or waived."

In Adams et al. v. Howard et al., supra, it is held:

"There is nothing that allows him to demur to the whole bill, and at the same time to answer to the whole bill, especially where the answer sets up everything that is in the demurrer. Putting in such an answer is a waiver of such a demurrer."

In Crescent City, etc., Co. v. Butchers' Union, etc., Co., supra:

"We do not understand that there is any rule that allows a defendant to demur to the whole bill, plead to the whole bill, and answer to the whole bill at the same time. The effect of such pleading is that the plea is taken as waiving the demurrer, and the answer as waiving the plea."

In Huntington v. Laidley, supra:

"A plea containing a full defense to the bill is waived by also filing an answer which goes to the whole bill."

In Strang v. Richmond P. & C. Co., supra:

"The filing by a defendant at the same time of a joint demurrer to the bill and an answer denying all the allegations of fact made in the bill is not pleading in due form, and in such case the demurrer will be treated as overruled by the answer."

Grant v. Phœnix Life Ins. Co., supra:

"We concur in the disposition made, for the reasons thus stated, of these pleas. * * * The rule that no plea is to be held bad only because the answer may extend to some part of the same matter as may be covered by the plea is not applicable where the answer extends to the whole of the matter covered by the pleas."

It will thus be seen that equity rule 37 was intended to cover cases where the demurrer and answer go only to part of the bill and happen to overlap each other, and that, where both an answer and demurrer are to the whole of the bill, the answer is taken as waiving the demurrer. By subdivision "b," § 18, of the Bankruptcy Act (Act July 1, 1898, c. 541, § 18, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), five days after the return are allowed within which the bankrupt or creditors may appear or plead, or "within such time as the court may allow," and a meritorious pleading filed late may be considered, if so ordered by the judge. Collier on Bankruptcy, 246; Day v. Beck, etc., Co., 114 Fed. 834, 52 C. C. A. 468. By this provision the defendant will be pro-

tected where the demurrer was not simply for the purpose of delay, and in proper cases time to plead or answer may be extended.

From what we have said we do not regard it necessary to overrule the demurrer, because it is waived by the answer, and the case is properly upon the list for trial at this term.