## In re KOPLIN.

(District Court, E. D. Pennsylvania. July 8, 1910.)

No. 3,648.

BANKRUPTCY (§ 136*)—PROCEDURE—WAIVER OF DEMURRER.

A demurrer to a petition by the trustee to require the bankrupt to turn property over was waived by an answer, both being to the whole petition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

In the matter of Louis W. Koplin, bankrupt. On certificate to review an order of the referee overruling a demurrer to the trustee's petition to require the bankrupt to turn property over. Order affirmed.

Henry N. Wessel, for trustee.
Emanuel Furth, for bankrupt.

HOLLAND, District Judge. The trustee in this case filed a petition on June 10, 1910, in which he alleges that the bankrupt "has property and assets belonging to his estate which he knowingly and fraudulently conceals from your petitioner, being property of the value of $45,973.44, consisting of merchandise, which is fraudulently concealed by the said bankrupt." On this petition, a rule was granted on the bankrupt to show cause why he should not transfer and deliver to the trustee property to the amount claimed, to which petition the bankrupt filed a paper, in the second paragraph of which he demurs to the sufficiency of the petition, and asks that the rule be discharged, and in the third, fourth, and fifth paragraphs he answers, denying the allegations set forth therein. The referee overruled the demurrer, and directed that they proceed with the taking of testimony on the issue joined on the petition and answer.

The bankrupt filed a petition for a certificate, and the question now is whether or not the bankrupt in this proceeding can file both a demurrer and answer. In the Case of Cooper Brothers (D. C.) 159 Fed. 956, 20 Am. Bankr. Rep. 392, upon an involuntary petition in bankruptcy, to the whole of which a demurrer and an answer were filed, it was held that equity rule 37 was intended to cover cases where a demurrer and answer go only to part of the bill and happen to overlap each other, and where both an answer and demurrer are filed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to a petition in bankruptcy as a whole, the demurrer will be treated as overruled by the answer.

In the case at bar, both the demurrer and answer go to the whole of the petition, and it is contended by counsel for the bankrupt that the equity rules do not apply to this case, it being in the nature of a criminal proceeding; but, even in that view of the matter, we do not think he is in any better position, because in criminal procedure a defendant is not permitted to file a demurrer after he has pleaded to the indictment. Wharton, in his Criminal Pleading and Practice (8th Ed.) § 407b, says that a demurrer should be promptly made, and is too late after a plea is entered. To the same effect are the cases of Com. v. Ramsey, 1 Brewst. (Pa.) 422; Com. v. Jessup, 63 Pa. 34; Abbott's Trial Brief Criminal Causes, 37.

We have not considered the question of the sufficiency of the trustee's petition to turn over property. Both a demurrer and answer having been filed to the whole petition, the former is waived by the answer.

The order, therefore, made by the referee, refusing to discharge the rule on the bankrupt to deliver property to the trustee, is affirmed.