In re McLAM.

(District Court, D. Vermont.   December 1, 1899.)

No. 103.

1. BANKRUPTCY—ARBITRATION OF CONTROVERSIES—FINDING.
  Under Bankr. Act 1898, § 26c, providing for arbitration of controversies arising in the settlement of bankrupts' estates, and declaring that the written finding of the arbitrators "may be filed in court and shall have like force and effect as the verdict of a jury," such finding, when so filed, is subject to be set aside or adjudged upon by the court in like manner as a verdict would be.

2. SAME—CHOICE OF ARBITRATORS.
  Under the provision of the same section that "three arbitrators shall be chosen by mutual consent, or one by the trustee, one by the other party to the controversy, and the third by the two so chosen," it is an irregularity if one of the arbitrators is selected by the trustee, one by the other party, and the third agreed upon by the two contending parties.

3. SAME—FRAUDULENT CONVEYANCES—INTENT OF GRANTOR.
  Where an insolvent debtor, a few days before filing his petition in bankruptcy, gave a mortgage to one of his creditors, which covered all of his property which then remained available for general creditors, and the trustee in bankruptcy and the mortgagee submitted the validity of the mortgage to arbitrators, who found that the bankrupt did not give the mortgage "with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them," *held*, that the finding must be set aside; for the necessary effect of the mortgage was to prefer that creditor and to hinder and defraud the others, and it must be presumed that it was given with that intent and purpose.

In Bankruptcy.

Bates, May & Simonds, for mortgagee.

WHEELER, District Judge.   The petition appears to have been sworn to March 24, 1899, and to have been filed March 27th, with schedules which show unsecured debts amounting to $7,227.68, secured debts amounting to $3,583.13, one of which, $225, was attempted to be secured by mortgage dated March 7, 1899, on a pair of horses, and another of $1,274 by mortgage dated March 16, 1899, on a stock of goods subject to prior mortgage; the value of the security being set down at $1,000.   This last mortgage appears to have covered everything then available for general creditors.   The mortgagee and trustee have submitted the validity of this mortgage to three arbitrators, one selected by the mortgagee, one by the trustee, and one agreed upon by both, who have found that, "in the execution and delivery of said mortgage, the said bankrupt did not do it with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them"; and this finding is submitted to the court.   Such finding, under section 26c of the bankrupt law, "shall have like force and effect as the verdict of a jury."   Thus, it is subject to be set aside or adjudged upon by the court as a verdict would be.   By that section the three arbitrators are to be mutually chosen, or one by one party, one by the other party, and the third by the two arbitrators so chosen, or, on their failure, by the court.   Here neither course was followed.   The three were not mutually chosen, nor was the third

chosen by the two or by the court; nor was this done "pursuant to the direction of the court," as that section also requires. And the trustee must have failed to submit the creditors' case, or the arbitrators must, apparently, have mistaken the law applicable. From the words of the finding, and the brief of counsel for the mortgagee, the latter seems most probable. The provisions of section 67 of this act are contrasted with those of the former act (Rev. St. § 5128), as more favorable in this respect. That act avoided a conveyance made within four months "with a view to give a preference" to a person "having reasonable cause to believe" the bankrupt to be insolvent, and that the conveyance was being made in fraud of the act. The latter act avoids such conveyances by the bankrupt "with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them." A conveyance to one creditor of what would otherwise, under the provisions of the act, go to all, would hinder and defraud the others, and amounts to a preference, contrary to the purpose of the act, as much as if the word "preference" had been used in this act, as it was in the former. This provision of the latter act is more prohibitive than that of the former, for no reasonable cause of belief of insolvency and fraud on the act, by the person receiving the preference, is necessary to avoid it. The purpose and intent of the bankrupt only is looked at, and, if contrary to the act, is sufficient.

The question seems to have been considered as if it arose at common law, or under statutes of fraudulent conveyances, where securing any creditor is allowable, and not as arising under a bankrupt law, where any intended preference among creditors is forbidden and avoided. Such a mortgage of the last available property within eight days of filing a voluntary petition and schedules could have no other effect than to give a preference to that creditor over others existing, to many times the amount of the debt intended to be secured, and of the property to secure it. The intent in giving the mortgage is to be taken to have been that it should have its obvious effect. This could not be met by showing failure to sum up the effect in details. Such a finding should not be allowed to stand. The result heightens the irregularity. Finding set aside.