CHARLES A. JONES, Trustee in Bankruptcy,

*vs.*

JOSEPH A. STEVENS.

Penobscot.   Opinion January 31, 1901.

*Bankruptcy Act, 1898, §§ 1, 31, a, 67, f.   Attachment.   Time.*

An attachment made at ten o'clock in the forenoon, on the ninth day of September, 1898, against a person who is insolvent, is dissolved by the filing of a petition in bankruptcy, by or against the person whose property is attached, in the office of the U. S. District Court, on the ninth day of January, 1899, at 2.30 o'clock, in the afternoon, providing he is subsequently adjudged a bankrupt, under the provisions of the Bankruptcy Act of 1898, to the effect that all levies, judgments, attachments or other liens, obtained through legal proceedings, against a person who is insolvent, "at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt."

The computation of time in all cases arising under the Bankruptcy Act is regulated by a provision in the act to the effect that, "the number of days shall be computed by excluding the first and including the last."   In order to determine whether or not the attachment was within four months prior to the time of the filing of the petition, it is necessary to reckon back from the ninth day of January, 1899; so reckoning, the ninth day of January is the first day and must be excluded in accordance with the provision of the act above referred to.   Excluding that day, the ninth day of the preceding September is clearly within the four months prior to the filing of the petition.

*Held;* that the clause of the act which provides, "that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry," is not applicable to this case; because the suit is not against the purchaser, but is against the deputy sheriff who, upon an execution against the bankrupt, seized goods as the property of the bankrupt which at the time were the property of the plaintiff, as trustee, by virtue of the bankruptcy proceedings, the attachment upon the original writ having been made within four months prior to the filing of the petition in bankruptcy.

*Westbrook Mfg. Co.* v. *Grant*, 60 Maine, 88, explained.

ON REPORT.

Agreed statement.

The case appears in the opinion.

*F. J. Martin and H. M. Cook,* for plaintiff.

*J. B. Peaks and E. C. Smith,* for defendant.

Counsel cited: *Westbrook Mfg. Co.* v. *Grant,* 60 Maine, 88; *Bigelow* v. *Wilson,* 1 Pick. 485; *Wilton Mfg. Co.* v. *Butler,* 34 Maine, 440.

The trustee took the property of the bankrupt Weymouth subject to the lien under our attachment, if the lien attached more than four months prior to the filing of the bankrupt's petition, as we claim it did in this case. *Voyles* v. *Parker,* 4 Fed. Rep. 210; *Bowman* v. *Harding,* 56 Maine, 559; *Leighton* v. *Kelsey,* 57 Maine, 85; *Perry* v. *Somerby,* Id. 552.

The only proper construction, which can be placed upon the conflicting sections of the bankruptcy act relating to liens by attach-, ment, will be that the lien attaches and relates back to the time of the attachment.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

WISWELL, C. J. This is an action of trover, wherein the plaintiff is the trustee in bankruptcy of Moses S. Weymouth, bankrupt, and the defendant is a deputy sheriff who attached the goods, the conversion of which is sued for, upon a writ against Weymouth.

The only question presented is whether or not the attachment was dissolved by the subsequent proceedings in bankruptcy. The attachment was made on the ninth day of September, 1898, at ten o'clock in the forenoon. Weymouth's voluntary petition in bankruptcy was filed in the clerk's office of the U. S. District Court, in this District on the ninth day of January 1899, at 2.30 o'clock in the afternoon. He was duly adjudged a bankrupt, January 14, 1899. No question is raised as to his insolvency at the time of the attachment.

Section 67, subdivision f, of the Bankruptcy Act of 1898, so far as applicable, is as follows: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings, against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed

null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt," etc.

It will be noticed that the language of the section is, "at any time within four months prior to the filing of a petition in bankruptcy against him." But this section must be construed as including voluntary, as well as involuntary cases, because of the first section of the act, relating to the meaning of words and phrases, which provides: "A person against whom a petition has been filed shall include a person who has filed a voluntary petition." *In re Richards*, 96 Fed. Rep. 935; *in re Vaughan*, 97 Fed. Rep. 560.

The only question, then, is whether or not this attachment made on September 9, 1898, at ten o'clock A. M. is "within four months prior to" January 9, 1899, at 2.30 o'clock P. M., the time of the filing of the petition. If it is within the four months prior to this time, the attachment has been dissolved and the action is maintainable, otherwise not.

It is unnecessary to consider the general rule as to the computation of time, or the authorities in relation thereto, among which there is much difference of opinion; because, by a section of the bankruptcy act, congress regulated the method of computing time whenever time is to be computed according to the provisions of that act. That section is as follows: "Sec. 31, Computation of time—a. Whenever time is enumerated by days in this act, or in any proceedings in bankruptcy, the number of days shall be computed by excluding the first and including the last, unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a legal holiday."

This rule provided by congress for the computation of time is decisive of the question involved. In order to determine whether or not the attachment was within four months prior to the filing of the petition, we must reckon back from the 9th day of January, 1899; reckoning backward, the ninth day of January is the first

day, and, in accordance with the rule above referred to, must be excluded. Excluding that day, the 9th day of the preceding September is clearly within the four months prior to the filing of the petition.

This result is in accordance with the construction by the United States Supreme Court of similar provisions in the Bankruptcy Act of 1867. In that act the rule in relation to the computation of time enacted by congress was that the same "shall be reckoned, in the absence of any expression to the contrary, exclusive of the first and inclusive of the last day, unless the last day shall" be dies non within the judicial sense. By that act it was also provided that transfers of property made by an insolvent debtor, "within four months before the filing of the petition in bankruptcy against such debtor" should be under certain circumstances void.

In the case of *Dutcher* v. *Wright*, 94 U. S. 553, the petition in bankruptcy was filed April 8, 1870; a transfer of property had been made by the bankrupt upon the 8th of December of the preceding year. The principal question in the case was, whether this transfer of property upon the 8th of December was "within four months before the filing of the petition in bankruptcy." The court decided that, in computing the four months before filing the petition in bankruptcy within which time the assignment of his property by an insolvent debtor, with a view to give a preference to a creditor, is void, the day upon which the petition is filed must be excluded. In its opinion the court spoke of the confusion of authorities upon the question of the computation of time, but, referring to the provision of that act relative to such computation said, "the court is unanimously of the opinion that the day the petition in bankruptcy was filed must be excluded in making the computation."

In view of the similarity of the provisions in the two Bankruptcy Acts, we must consider this construction of the provisions in the Act of 1867 by the Supreme Court conclusive upon this question now presented, even if we had not come to the same conclusion irrespective of that decision.

In the case of *Stevenson*, 94 Fed. Rep. 110, the District Court of Delaware held that under the provisions of the present Bankruptcy Act, the four months after the commission of an act of bank-

ruptcy within which a petition in involuntary bankruptcy must be filed, are to be so computed as to exclude the day on which the act of bankruptcy was committed. The court refers to the similar provisions of the two Bankruptcy Acts relative to the computation of time, and holds that there is no difference in the meaning of the two provisions. Reference is also made to the case of *Dutcher* v. *Wright*, supra, and it is said that that decision must have been founded on the ground, "that the specification of a number of months from an event was equivalent to an enumeration of the days contained in those months, as applied to a given case. Whatever force was given to section 5013 in *Dutcher* v. *Wright*, must be accorded to section 31 in the present case."

Moreover, in this case, the 8th of January, 1899, fell upon Sunday, and even if it should be held that under other circumstances the petition must have been filed upon the 8th of January, in order to make the attachment on the 8th of September preceding within the four months, it would not be so here under section 31 of the Bankruptcy Act, above quoted, because of that fact.

The defense strongly relies upon a decision of this court in the case of *Westbrook Manufacturing Company* v. *Grant*, 60 Maine, 88, wherein it was held under the Bankruptcy Act of 1867, that an attachment made March 8, 1867, at seven o'clock in the afternoon, was dissolved by proceedings in bankruptcy commenced July 8, 1867, at two o'clock and fifty minutes in the afternoon. The court saying in its opinion: "We think the computation in this case should commence on the 8th of July 1867, at two o'clock and fifty minutes in the afternoon, that being the precise time when the proceedings in bankruptcy were commenced, and by then reckoning backward four calendar months we shall reach the eighth of March 1867, at the same hour of the day, namely, two o'clock and fifty minutes in the afternoon." The court held that the maxim that in law there are no fractions of a day does not apply to proceedings in bankruptcy, where the exact time when the event occurred is made certain by record.

The argument is, that while the computation in that case, by considering fractions of a day, brought the attachment within four months by a few hours, if the same method should be adopted in

this case, the attachment must be held to have been beyond the four months prior to the filing of the petition, by a few hours. With reference to this case it is sufficient to say that the result was unquestionably correct; and it is unnecessary to consider the reasoning of the opinion because the section of the Bankruptcy Act relative to the computation of time was apparently not called to the attention of the court, nor considered by the court, and the construction of that section by the United States Supreme Court in the case of *Dutcher* v. *Wright*, supra, was some four years later.

It is further suggested by counsel for defendant in argument, that this attachment was not dissolved by the proceedings in bankruptcy, because of the last clause of section 67 subdivision f, which is as follows: "Provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry." The case shows that the goods described in the plaintiff's writ, having been attached as before stated, were seized by the defendant on an execution issued upon a judgment obtained in the suit wherein the goods were attached, and that they were sold by the defendant at public auction on March 2, 1899. So far as the case shows, the purchaser bought the same in good faith for value, without notice, or reasonable cause for inquiry, either of the bankruptcy of Weymouth or of his insolvency at the time of the attachment.

But the answer to this is, that the suit is not against the purchaser, but is against the deputy sheriff who, upon an execution against Weymouth, seized goods as the property of Weymouth which at the time were the property of the plaintiff, as trustee, by virtue of the bankruptcy proceedings, the attachment upon the original writ having been made within four months prior to the filing of the petition in bankruptcy.

We, therefore, hold that the action is maintainable by this plaintiff. In accordance with the stipulation of the parties, the defendant will be defaulted and the case remanded to nisi prius for the assessment of damages.

*So ordered.*