The distinction between cases of mere trespasses committed, or intended, by state officers in seizing or distraining property under pretext of authority attempted to be conferred by statutes repugnant to the Constitution of the United States, and cases of deprivation of individual rights, at the instance of state officers, by causing the arrest and imprisonment of a person, and oppressively harassing him in the conduct of a lawful business pursuant to a statutory enactment which is repugnant to the Constitution of the United States, and therefore a mere brutum fulmen, may be purely arbitrary. Nevertheless the distinction must be recognized, because it has been deliberately and positively established as a real distinction by the court of highest authority under the Constitution.

Let a decree be entered sustaining the demurrers of the several defendants, and dismissing the suit, with costs.

<hr/>

### In re HILL.

(District Court, N. D. California.   October 13, 1905.)

#### No. 3,957.

BANKRUPTCY—CONVEYANCES WITH INTENT TO DEFRAUD—PREFERENTIAL MORTGAGE TO CREDITOR.

A mortgage given by a bankrupt to a creditor within four months prior to the bankruptcy, with intent to prefer such creditor, is a conveyance or incumbrance made with intent to hinder, delay, or defraud his creditors, and void as against his trustee, under Bankr. Act July, 1, 1898, c. 541, § 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449].

In Bankruptcy.   On review of order of referee.

Thos. M. Osmont, for petitioner.
Edward C. Harrison, for trustee.

DE HAVEN, District Judge.   This is a petition for the review of an order made by the referee, in effect adjudging that a certain mortgage executed by the bankrupt to the petitioner, on March 22, 1902, is void as against the trustee; the referee finding that such mortgage was executed within four months prior to the filing of the petition in bankruptcy, with the intent and purpose on the part of the bankrupt to hinder, delay, and defraud his creditors.

Subdivision "e" of section 67 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) provides that a conveyance or incumbrance of his property by a person adjudged a bankrupt, within four months prior to the filing of the petition, "with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration."   The mortgage here in question was executed on March 22, 1902, and the petition upon which the adjudication in bankruptcy is based was filed July 22, 1902.   The mortgage was therefore filed within four months prior to the filing of the petition.   Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130; In re Stevenson (D. C.) 94 Fed.

110; Cooley v. Cook, 125 Mass. 406. The evidence is, in my opinion, sufficient to justify the finding of the referee that the intention of the bankrupt in executing the mortgage was to hinder, delay, and defraud his other creditors. It is clear from the evidence that it was the bankrupt's intention in executing this mortgage to give a preference to the petitioner. Such an intent upon his part is one "to hinder, delay, or defraud his creditors," within the meaning of subdivision "e" of section 67 of the bankruptcy act; and, in determining whether a conveyance or transfer of property made by a bankrupt was in violation of that section, "the purpose and intent of the bankrupt only is looked at, and, if contrary to the act, is sufficient" to render such conveyance or transfer void. In re McLam (D. C.) 97 Fed. 922.

The order of the referee is affirmed.

---

# MEMORANDUM DECISIONS.

---

BORT et al. v. GILMORE et al. (Circuit Court of Appeals, Eighth Circuit. September 13, 1905.) No. 2,221. Appeal from the Circuit Court of the United States for the Northern District of Iowa. Craig L. Wright and Asa F. Call, for appellants. Hubbard & Burgess and Will E. Johnston, for appellees. For opinion below, see 134 Fed. 658. No opinion. Dismissed, with costs, without prejudice, on motion of appellants.

---

THE BRITANNIA. (Circuit Court of Appeals, Second Circuit. February 1, 1906.) No. 76. Appeal from the District Court of the United States for the Southern District of New York. For opinion below, see 134 Fed. 948. Chas. C. Burlingham, for appellant. W. Mynderse, for appellee. Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Decree of District Court affirmed, with costs, on opinion below.

---

CAMDEN INTERSTATE RY. CO. v. WILLIAMS. (Circuit Court of Appeals, Sixth Circuit. June 17, 1905.) No. 1,400. In Error to the Circuit Court of the United States for the Eastern District of Kentucky. Hagar & Stewart and A. R. Johnson, for plaintiff in error. John W. Woods and J. F. Stewart, for defendant in error. For opinion below, see 138 Fed. 571. No opinion. Judgment of the Circuit Court affirmed.

---

THE COVINGTON. (Circuit Court of Appeals, Second Circuit. November 22, 1905.) No. 51. Appeal from the District Court of the United States for the Southern District of New York. For opinion below, see 128 Fed. 788. La Roy S. Gove, for appellant. F. M. Brown, for appellee. Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Decree of District Court affirmed, with costs.