## In re WARNER.

(District Court, D. Connecticut. April 17, 1906.)

### No. 1,495.

BANKRUPTCY—COMPUTATION OF TIME—DISSOLUTION OF ATTACHMENT.

Under the provision of Bankr. Act July 1, 1898, c. 541, § 31a, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], that "whenever time is enumerated by days in this act or in any proceeding in bankruptcy the number of days shall be computed by excluding the first and including the last" an attachment made on February 8th was dissolved by an adjudication in bankruptcy on a petition filed on June 8th, following, and the time of day when the attachment was made or the petition filed is immaterial.

In Bankruptcy. Upon certificate of Henry G. Newton, referee.

"I, Henry G. Newton, one of the referees in bankruptcy of said court, do hereby certify: That in the course of the proceedings in said cause before me, I was requested to pass upon the question whether an attachment by Eneas Warner of a debt due the above-named bankrupt from Jerome T. Donovan was or was not dissolved. The attachment was made February 8, 1905, about 9 a. m. The petition in bankruptcy was filed and the adjudication had June 8, 1905, at 5:30 p. m., exactly four months and eight hours after the attachment was in fact made. The question is whether this attachment was dissolved by the proceedings in bankruptcy. I hold that it was dissolved. I send herewith my memorandum of decision and the petition for review.

"Memorandum.

"This attachment was made on the 8th of February, 1905, in the forenoon. The petition in bankruptcy was filed and the adjudication had on June 8, 1905, after 5 o'clock in the afternoon. The adjudication in bankruptcy was thus had, in exact point of time, four months and eight hours after the attachment was in fact made, if fractions of a day, and exactly four months, if days only, are counted. Section 31 of the bankruptcy statutes (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]) provides: 'Whenever time is enumerated by days in this act, or in any proceedings in bankruptcy, the number of days shall be computed by excluding the first and including the last, unless the last falls on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a legal holiday.' If the first day, February 8th, be wholly excluded, and the last day, June 8th, be wholly included, as this statute would seem to imply, the attachment would be dissolved. The attaching creditor cites Manufacturing Company v. Grant, 60 Me. 88, 11 Am. Rep. 181, wherein it was held under the bankruptcy act of 1867 that an attachment made March 8, 1867, in the afternoon, was dissolved by proceedings in bankruptcy commenced July 8, 1867, at 2 o'clock and 50 minutes in the afternoon; the court saying in its opinion: 'We think the computation in this case should commence on the 8th day of July, 1877, at 2 o'clock and 50 minutes, that being the precise time when the proceedings in bankruptcy were commenced, and by then reckoning backward four calendar months, we shall reach the 8th of March, 1867, at the same hour in the day, viz., 2 o'clock and 50 minutes in the afternoon.' This, giving less than four months, held that the attachment was dissolved.

"In Jones v. Stevens (Me.) 5 Am. Bankr. Rep. 571, 48 Atl. 170, the Supreme Court of Maine considered the question whether an attachment made under the present statute, made September 9, 1898, at 10 o'clock a. m., is dissolved by the filing of a petition in bankruptcy January 9, 1899, at 2:30 p. m. They considered the former case—note that the terms of the bankruptcy statute were not considered, and that the result was right in that case—and held that, excluding the first day and including the last day, the attachment must be held to be dissolved. In Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130, the similar statute of 1867 is discussed, and it is decided that the four months has reference to days, excluding the first and including the last. In Richards v. Clarke, 124 Mass. 491, an attachment was made at 1 p. m., September 9, 1876, and the petition in bankruptcy filed at 3:50 p. m., January 9, 1877. The Supreme Court of Massachusetts holds that the attachment is dissolved. In Cooley v. Cook, 125 Mass. 406, it is again held that exclusive of the first day and inclusive of the last day, includes the whole of that day. Collier on Bankruptcy (5th Ed.) p. 309, states that fractions of a day will be disregarded; and adds: 'There can now be no question about the rule being as stated.'

"I hold that the attachment in the present case was dissolved."

Wm. B. Stoddard and A. D. Penney, for attaching creditors.
Charles H. Harriman, for trustee.

PLATT, District Judge. In this matter the equities attaching to all creditors are equal, except in this, that the attaching creditor may

be entitled to a little greater consideration for his diligence in following his debt. If nothing prevented, the rule that, when the exact hour at which two events occurred can be known, the court will use such knowledge in the interest of justice, would appeal to the conscience of the court. It happens, however, that section 31 of the act under which we are proceeding (Act July 1, 1898, c. 541. 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]) stands in the way, and states explicitly the rule which must be followed, and when we apply that rule to the case in hand, and exclude the day of adjudication as we reckon backwards toward the date of attachment, we find that the attachment came within the four months and was dissolved by the adjudication.

The decision of the referee is affirmed.