### In re HOLMES.

#### (District Court, D. Vermont. November 23, 1908.)

BANKRUPTCY (§ 410*)—DISCHARGE—TIME FOR APPLICATION.

The provision of Bankr. Act July 1, 1898, c. 541, § 31a, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), that "whenever time is enumerated by days in this act or in any proceeding in bankruptcy the number of days shall be computed by excluding the first and including the last," is applicable to any proceeding in bankruptcy where the number of days is material, and, as applied to the provision of section 14a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), that a bankrupt may apply for a discharge "within the next twelve months subsequent to being adjudged a bankrupt," gives him a year and a day from the date of adjudication, and no longer, unless the time is extended by the judge as therein provided.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

In Bankruptcy. On application for discharge.

M. M. Gordon, for petitioner.

MARTIN, District Judge. The adjudication in bankruptcy was made November 9, 1907. This application was filed November 16, 1908, under a claim that the bankrupt has a year from the expiration of one month after the adjudication in which to file his application for discharge.

In Re Fahy (D. C.) 116 Fed. 240, Judge Shiras uses this language:

"Section 14 of the act provides that within twelve months subsequent to the adjudication the petition for discharge may be filed, and, if unavoidably prevented from filing the same within that period, the judge may permit it to be filed within, but not after the expiration of, the next six months. In express terms the discretion of the judge is limited to six months following the expiration of the year beginning with the date of the adjudication."

This expresses my views. The language of the act is "within the next twelve months subsequent to being adjudged a bankrupt." This gives the bankrupt eleven months in which to make application for discharge. The last clause of the paragraph gives the court jurisdiction to grant an additional six months upon the showing of the statutory cause for delay.

Section 31 (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]) provides that:

"Whenever time is enumerated by days in this act, or in any proceeding in bankruptcy, the number of days shall be computed by excluding the first and including the last unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a legal holiday."

Applying this section to section 14, I hold that the old expression of "a year and a day" is applicable; or, in other words, if a bankrupt is adjudicated on the 23d day of November, 1908, he may file his application for discharge on the 24th day of November, 1909, and, if the 24th falls on Sunday or a holiday, the next day thereafter. While the first six words of section 31 would seem to indicate that it was not intended to apply where the time is enumerated by months or years,

the following words, "or in any proceeding in bankruptcy," make it applicable to any proceeding in bankruptcy where the number of days is material. In the dissolution of attachments made within four months, this section has been applied in computing these months. Jones v. Stevens, 94 Me. 582, 48 Atl. 170, 5 Am. Bankr. Rep. 571; In re Warner, 144 Fed. 987, 16 Am. Bankr. Rep. 519.

After a year and a day from the date of the adjudication has elapsed, the court has no jurisdiction to grant a discharge unless he shall have extended the time six months by reason of unavoidable delay. Unless this petitioner can make it appear, upon application duly made, that his delay of six days over a year and a day was unavoidable, this court has no power to grant him a discharge.

This petition is dismissed.