## In re DE LEWANDOWSKI.

(District Court, D. Massachusetts. July 17, 1917.)

No. 22299.

BANKRUPTCY ☞410—DISCHARGE—TIME.

Bankr. Act July 1, 1898, c. 541, § 14a, 30 Stat. 550 (Comp. St. 1916, § 9598), declares that any person may, after the expiration of one month and within the next 12 months subsequent to adjudication, file an application for a discharge in the court of bankruptcy in which the proceedings are pending, and, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing his petition within such time, it may be filed within, but not after, the expiration of the next six months. Section 31a (Comp. St. 1916, § 9615) declares that whenever time is enumerated by days in this act, or in any proceedings in bankruptcy, the number of days shall be computed by excluding the first and including the last, unless the last shall fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a legal holiday. The bankrupt was adjudicated on June 4, 1915, and her application for discharge was not filed until December 5, 1916, though the preceding day was not a Sunday or legal holiday. *Held* that, in such case, the application for discharge came too late, being filed more than a year and six months after adjudication, for, in computing the time by months, the first day is to be excluded and the last day counted, so that the time expires on the corresponding day in the month in which the stated period occurs.

In Bankruptcy. In the matter of the bankruptcy of Maidelle De Lewandowski. On application for discharge. Application denied.

Ralph E. Tibbetts, of Boston, Mass., for bankrupt.
William C. Mellish, of Worcester, Mass., for objecting creditor.

MORTON, District Judge. This is an application for discharge. The bankrupt was adjudicated on June 4, 1915. The application for

discharge was filed December 5, 1916. The preceding day was not a Sunday or legal holiday. The discharge is opposed upon the ground, inter alia, that "it does not appear that the petition for discharge was brought within the time required by law."

The act provides that:

> "Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months. Section 14a, B. A.

> "Whenever time is enumerated by days in this act, or in any proceeding in bankruptcy, the number of days shall be computed by excluding the first and including the last, unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a legal holiday." Section 31a, B. A.

It has been held that the rule of computation stated in section 31, supra, as to days should be applied when time is limited by months or years. Jones v. Stevens, 94 Me. 582, 48 Atl. 170; In re Warner (D. C.) 144 Fed. 987; In re Stevenson (D. C.) 94 Fed. 110. See, too, Collier, Bankruptcy, pp. 308, 574; Remington, Bankruptcy, § 2423. The corresponding provision in the law of 1867 (Act March 2, 1867, c. 176, § 48, 14 Stat. 540) was similar, and the construction placed upon it by the Supreme Court has been followed in decisions under the present act. Dutcher v. Wright, 94 U. S. 553, 558, 24 L. Ed. 130. See, too, Cooley v. Cook, 125 Mass. 406.

All these decisions held that, in computing time by months, the first day is to be excluded and the last day counted, so that the time expires on the corresponding day in the month in which the stated period terminates; e. g., four months from January 1st expired May 1st, and a year from January 1, 1915, expired on January 1, 1916. When the expiring day falls on a Sunday or holiday, the next day is included.

The applicant for discharge contends that an additional day of grace is allowed; in other words, that neither the day at the beginning nor the day at the end of the period is counted. In re Holmes (D. C. Vt.) 165 Fed. 225, so decided. No other decision so interpreting limitations of time has been called to my attention. In both the cases cited as authority by it, the last day fell on a Sunday or holiday, and on that account the additional day was allowed. They seem to me authorities against the proposition here contended for by the bankrupt.

The application for discharge was not filed in time, and must be denied.