, In re HAMILTON.

## POSTEL v. BROADWAY TRUST CO.

Circuit Court of Appeals, Seventh Circuit.
November 23, 1928.

No. 4037.

David E. Keefe, of East St. Louis, Ill., for appellant.

Dan McGlynn, of East St. Louis, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The Broadway Trust Company, of St. Louis, Missouri, recovered a judgment against J. A. Hamilton on April 25, 1927. On August 26, 1927, an involuntary petition in bankruptcy was filed against Hamilton. The question is, Was the judgment obtained "within four months before the filing of the petition"?

The general rule in computing time is to exclude the first day and include the last. This is the rule of the Bankruptcy Act whenever the time is enumerated by days. Section 31a (11 USCA § 54). It has been held that the rule of computation stated in section 31 as to days should be applied when the time is limited by months or years. In re De Lewandowski (D. C.) 243 F. 787, and cases cited.

In Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130, the court had before it the question whether the act of bankruptcy (the assignment of the notes, accounts, and property of the alleged bankrupt) occurred within four months before the filing of the petition in bankruptcy. The assignment was made on the 8th day of December, 1869, and the petition was filed on the 8th day of April, 1870. The court held that the day the petition in bankruptcy was filed must be excluded in making the computation, and that the act of bankruptcy was within the four months.

In the case at bar, to ascertain whether the judgment was taken within four months before the filing of the petition, we must exclude the day of the petition and count backward toward the day of the judgment. This must be the method whenever the computation is of time *before* a certain event. Both parties here agree that this is the proper procedure. Applying this method, excluding August 26 and counting backward, we find August 25 is the last day of the first month, that July 25 is the last day of the second month, that June 25 is the last day of the third month, that May 25 is the last day of the fourth month, and that April 25 is the last day of the fifth month before the day the petition was filed. Therefore April 25 is not within four months before August 26.

In some of the cases called to our notice this test was applied: If the judgment, attachment, or assignment be taken on the day whose number in the month corresponds to that of the day on which the petition is filed, it is within the four months. The judgment in the case at bar was taken the day before the day whose number corresponds to that of the day the petition was filed, and therefore was not within the four months.

Judgment affirmed.