## BELL v. WEST.

### No. 3004.

Circuit Court of Appeals, Fourth Circuit.

Oct. 21, 1930.

Robert Ruark, of Raleigh, N. C. (Ruark & Ruark and Berdou M. Bell, all of Raleigh, N. C., on the brief), for appellant.

William Bailey Jones, of Raleigh, N. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and GRONER, District Judge.

NORTHCOTT, Circuit Judge.

On the 13th day of June, 1928, one Virginia N. Nowell was adjudicated bankrupt in the District Court of the United States for the Eastern District of North Carolina. On the 13th day of February, 1928, the appellant, Carl W. Bell, who had, on the 29th day of March, 1926, secured a judgment against the said Virginia N. Nowell, caused to be attached certain funds due her, and afterward, under said attachment, secured the payment of the sum of $3,060.61, being his judgment in full with interest and costs.

Appellee, Paul C. West, was appointed trustee of bankrupt's estate, and in April, 1929, filed a bill of complaint against appellant attacking said payment as a preference, and praying judgment for said sum of $3,060.61.

On hearing below, the question as to whether the action should have been in law or in equity was waived by the parties, and it was agreed that the judge should hear the evidence and find the facts and law of the case. After hearing the evidence, the learned judge below found the facts as above stated, and also found that the bankrupt was insolvent from June 30, 1925, until said bankruptcy, and that appellant "knew or had reasonable cause to believe that Virginia N. Nowell was bankrupt prior to his judgment and at all times thereafter, and that said payment would prefer him to other creditors."

The judge further found that the bankruptcy was within four months of the issuance of the attachment, and that the payment secured thereunder constituted a voidable

preference, and gave judgment to the trustee for the amount claimed. From this action of the court this appeal was taken.

The sole question raised by the appeal is the proper computation of the four-month period before the filing of the petition in bankruptcy. The lien which the trustee seeks to avoid as having been acquired "within four months before the filing of the petition" was acquired by attachment on February 13, 1928. Virginia N. Nowell was adjudged a bankrupt on June 13, 1928.

The Bankruptcy Act (section 31 [11 US CA § 54]) directs "whenever time is enumerated by days in this title, or in any proceeding in bankruptcy, the number of days shall be computed by excluding the first and including the last. * * *" While this refers to days and not to months, a careful search of the authorities shows that without exception it has been uniformly held that the same method of computation as that directed to be applied to "days" has also been applied to "months." Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130; In re Stevenson (D. C.) 94 F. 110; In re Hill (D. C.) 140 F. 984; In re Warner (D. C.) 144 F. 987; In re De Lewandowski (D. C.) 243 F. 787.

"The four months period is computed by excluding the day the act was committed and including the day the petition was filed." Remington on Bankruptcy (3d Ed.) vol. 1, § 202.

"In determining whether a preference was given or suffered within four months before the filing of the petition in bankruptcy it is proper to exclude the day on which the transaction occurred and to include the day on which the petition was filed, and the computation should be made according to the calendar months and not by counting the days." 7 Corpus Juris, 161, § 261.

See, also, Rose's Notes, vol. 9, p. 753.

A case directly in point, involving an attachment, is Jones v. Stevens, 94 Me. 585, 48 A. 170. In that case the attachment was made at 10 o'clock on September 9, 1898, and the petition was filed at 2:30 o'clock on January 9, 1899. The lien of the attachment was held to be voidable.

Attorneys for appellant rely on Arnold v. United States, 9 Cranch, 120, 3 L. Ed. 671; Griffith v. Bogert, 18 How. 158, 15 L. Ed. 307; Taylor v. Brown, 147 U. S. 640, 13 S. Ct. 549, 37 L. Ed. 313; Louisville v. Savings Bank, 104 U. S. 469, 26 L. Ed. 775; and Leidigh Carriage Co. v. Stengel (C. C. A.) 95 F. 637, as holding that a different rule of

computation should be applied, but an examination of these cases shows that they are not in point and do not deal with the question involved in the instant case.

The computation as made by the learned judge was correct, and the judgment of the court below is accordingly affirmed.