## In re NEW YORK ST. MORITZ HOTEL CO., Inc.

District Court. S. D. New York.
March 29, 1932.

Cotton, Franklin, Wright & Gordon, of New York City (Boykin C. Wright and E. Allen MacDuffie, both of New York City, of counsel), for the petition.

Holley & Oxenberg, of New York City (Myle J. Holley, of New York City, of counsel), opposed.

BONDY, District Judge.

This is a petition to review an order of a referee in bankruptcy, requiring three scheduled contingent creditors, the Liberty National Bank & Trust Company, the Harriman National Bank & Trust Company, and Central Hanover Bank & Trust Company, to file formal proof of claim on or before March 8, 1932, though the statutory period within which to file proofs of claim will not expire until May 4, 1932.

An offer was made for the purchase of the assets of the estate for $45,000.

The claims of the petitioners are upon indorsements made by the bankrupt, on notes amounting to $599,670.60.

The claims of the remaining creditors amount to about $90,000. They believe that the indorsements are invalid, and desire the validity thereof to be determined before acting upon the offer.

The referee held that he had the power to shorten the time within which claims must be filed. He states that shortening the time within which to file claims is the common practice in so-called omnibus orders frequently issued in bankruptcy proceedings. He cites as authority In re L. Wenar Millinery Co. (D. C.) 1 F.(2d) 385, and In re Rouden Mfg. Co. (D. C.) 278 F. 663.

In the Rouden Mfg. Co. matter the order required all (and not some) creditors to file proofs of claim within a limited time in order to enable the referee to act on an application to dismiss the proceedings, in accordance with the express provision of section 59 g of the Bankruptcy act (11 U. S. C. § 95 (g), 11 USCA § 95 (g).

In the L. Wenar Millinery Co. matter the claims were filed thirteen years after adjudication. The case did not involve any order limiting the time within which to file claims.

There is a marked distinction between an order limiting the time for claimants to give notice and prove their interest in specific property or funds and an order attempting to shorten the statutory time within which creditors may file claims against a bankrupt's estate. The former is made under the general equitable power of the court; the latter is in contravention of specific statutory direction. Section 57n (11 U. S. C. § 93n [11 USCA § 93 (n)]) provides that claims shall not be proved against a bankrupt estate subsequent to six months after adjudication. This plainly implies that creditors shall be entitled to file claims at any time within six months. See In re Lathrop, Haskins & Co. (C. C. A.) 223 F. 912, 917; In re T. A. McIntyre & Co. (C. C. A.) 176 F. 552, 553; In re Stavin (D. C.) 12 F.(2d) 471, 474; In re Irving Whitehouse Co. (C. C. A.) 293 F. 287.

The referee in his certificate states "the offer of the said receiver in settlement was accepted." At the hearing before the referee it was stated that the offer had to be acted on by March 1st. Since the stated purpose of the referee's order was to have the claims determined before the offer of settlement was passed on, it is not apparent why the referee gave the petitioners until March 8th to file their claims.

The order of the referee was unauthorized, and accordingly is set aside.