## In re LYTLE & DAVIDSON et al.
### No. 4725.

District Court, W. D. Louisiana, Monroe Division.

Aug. 21, 1934.

Madison & Madison, of Bastrop, La., for plaintiffs.

J. M. Grimmet, of Shreveport, La., referee.

### DAWKINS, District Judge.

In the above case the referee-special master filed a report recommending a discharge be denied the bankrupts. He found that the adjudication was entered on May 11, 1932, an extension of six months within which to apply for discharge was granted by the court on November 13, 1933, and the application was filed on the same date; hence the master thought it came too late.

No authorities were cited and the only ones relied upon by the petitioners in brief are decisions of the state court. However, I find that section 31 of the Bankruptcy Act (section 54, U. S. C., title 11, 11 USCA § 54) provides: "Whenever time is enumerated by days in this title, or in any proceeding in bankruptcy, the number of days shall be computed by excluding the first and including the last, unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a legal holiday."

It has been uniformly held that although this section uses the word "days" it also includes months and years. In re Holmes (D. C.) 165 F. 225; In re Warner (D. C.) 144 F. 987; Day v. Beck Hardware Co., 114 F. 834 (C. C. A. 5); In re De Lewandowski (D. C.) 243 F. 787; In re Hill (D. C.) 140 F. 984; Bell v. West (C. C. A.) 44 F.(2d) 161; Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130.

November 11, 1933, Armistice Day, was a legal holiday (Act No. 165 of 1932) under the law of Louisiana, and the following day was a Sunday, so that neither of these days would be counted in computing the time within which the extension could be granted and the application for discharge filed, if it had otherwise expired on November 11th. By the amendment to the Bankruptcy Act of May 27, 1926 (chapter 406, § 6, 44 Stat. 663, amending section 14a), it is provided: "(a) Any person may, after the expiration of one month and within twelve months, subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months." U. S. C., title 11, § 32 (a), 11 USCA § 32 (a).

Now, according to section 31 of the act, the date on which the adjudication was entered, May 11, 1932, is not to be counted, so that the twelve months in which application could have been filed as a matter of right would have expired at midnight May 11, 1933. The court then had the discretion to allow the petition for discharge to be filed at any time up to 12 o'clock mid-

night November 11th, but it so happened that this was a legal holiday and the next day was a Sunday; hence, by this section, the court could allow the application for discharge to be filed up to 12 o'clock midnight on Monday, November 13th, the day on which it was actually filed. See In re Black (D. C.) 14 F.(2d) 245; Grafton v. Meikleham (C. C. A. 5) 246 F. 737, certiorari denied 246 U. S. 665, 38 S. Ct. 334, 62 L. Ed. 929; Flor v. Jandrew (C. C. A. 5) 15 F.(2d) 765.

The discharge should, therefore, be granted.

Proper decree should be presented.