**ANGEL v. ARTURO CABRA ZAPATA & CO.**

No. 1858.

United States District Court
D. Puerto Rico
San Juan Division

Jan. 5, 1950.

Joshua Hellinger, San Juan, Puerto Rico, for petitioner.

L. E. Dubon, San Juan, Puerto Rico, for alleged bankrupt.

CHÁVEZ, District Judge.

In this case petitioner filed an involuntary petition in bankruptcy on November 29, 1949, alleging among other things that on July 28, 1949 in the Insular Court of San Juan, Puerto Rico, the defendant-debtor while insolvent did consent by stipulation on a judgment against Arturo Cabra & Company for the amount of $51,000.00 and that the said Arturo Cabra & Company has not vacated and discharged the same within 30 days of such judgment.

It is further alleged that in the said case, by stipulation, Arturo Cabra &

Company consented while insolvent to a receivership in the said Insular District Court of San Juan by which receivership Anibal Cabra Zapata was appointed receiver with the sole purpose of continuing the business of Arturo Cabra & Company in the establishment "Los Regalos" in order to pay Ventura Rodriguez the above-mentioned judgment, this constituting a general assignment for the benefit of this one creditor, and thus depleting the estate there being no other property left to cover other creditors. This action, it is alleged, was made with the intention to delay and hinder other creditors.

The defendant has filed a motion to .dismiss on the grounds that the said petition does not state facts sufficient to constitute an act of bankruptcy and that the Court has no jurisdiction over petitioner.

Thus it will be seen that the act of bankruptcy is alleged to have occurred on July 28, 1949 and the involuntary petition in bankruptcy filed on November 29, 1949.

Section 3, sub. b of the Bankruptcy Act, Title 11, U.S.C.A. § 21, sub. b provides that "a petition may be filed against a person within four (4) months after the commission of an act of bankruptcy. * * *"

Section 54, Title 11 U.S.C.A. provides as follows: "§ 54. Computation of time. Whenever time is enumerated by days in this title, or in any proceeding thereunder the number of days shall be computed by excluding the first and including the last, unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a holiday. July 1, 1898, c. 541, § 31, 30 Stat 554; June 22, 1938, c. 575, § 1, 52 Stat. 857."

■ Section 202 of Volume I, Remington on Bankruptcy, 4th Edition, Page 303, sets out the rule as follows: "Sec. 202. Computation of Time of Four Months' Period. The four months' period is computed by excluding the day the act was committed and including the day the petition was filed. Fractions of a day are not to be considered. When the last day falls on Sunday, the petition is in time if filed on Monday."

· The 1948 Supplement of Remington on Bankruptcy, Volume (1), Sec 150, states : Sec. 150 (p. 238) Obtaining Lien Within the Four Months etc.—It is the date of the obtaining of the lien that fixes the four months limitation, not the date of the failure to vacate the sale thereunder. Note 48a. Hawthorne Valley Inc. v. Adams, 6 Cir., 69 F.2d 691, 25 A.B.R., N.S., 176.

In Citizens Banking Co. v. Ravenna National Bank, 234 U.S. 360, 361, 364-365, 34 S.Ct. 806, 808, 58 L.Ed. 1352, the Court said: "Looking at the terms of this provision, it is manifest that the act of bankruptcy which it defines consists of three elements. The first is the insolvency of the debtor; the second is suffering or permitting a creditor to obtain a preference through legal proceedings; that is, to acquire a lien upon property of the debtor by means of a judgment, attachment, execution, or kindred proceeding, the enforcement of which will enable the creditor to collect a greater percentage of his claim than other creditors of the same class; and the third is the failure of the debtor to vacate or discharge the lien and resulting preference five days before a sale or final disposition of any property affected. Only through the combination of the three elements is the act of bankruptcy committed. Insolvency alone does not suffice, nor is it enough that it be coupled with suffering or permitting a creditor to obtain a preference by legal proceedings. The third element must also be present, else there is no act of bankruptcy within the meaning of this provision. All this is freely conceded by counsel for the petitioning creditor."

In Dutcher v. Wright, 94 U.S. 553, 24 L.Ed. 130, the Court had before it the question whether the act of bankrupty (the assignment of the notes, accounts, and property of the alleged bankrupt) occurred within four months before the

filing of the petition in bankruptcy. The assignment was made on the 8th day of December 1869, and the petition was filed on the 8th day of April 1870. The Court held that the day the petition in bankruptcy was filed must be excluded in making the computation, and that the act of bankruptcy was within the four months.

In Re Warner, D.C., 144 F. 987, 988, it is stated: "This attachment was made on the 8th of February, 1905, in the forenoon. The petition in bankruptcy was filed and the adjudication had on June 8, 1905, after 5 o'clock in the afternoon. The adjudication in bankruptcy was thus had, in exact point of time, four months and eight hours after the attachment was in fact made, if fractions of a day, and exactly four months, if days only, are counted."

In Re De Lewandowski, D.C.Mass., 243 F. 787, the Court had before it an application for discharge. The bankruptcy was adjudicated on June 4, 1915, and the application for discharge was not filed until December 5, 1916, though the preceding day was not a Sunday or legal holiday. The Court held that in such case, the application for discharge came too late, being filed more than a year and six months after adjudication, for, in computing the time by months, the first day is to be excluded and the last day counted, so that the time expires on the corresponding day in the month in which the stated period occurs.

In Re Hamilton (Postel v. Broadway Trust Co.), 7 Cir., 1928, 29 F.2d 281, the Broadway Trust Company of St. Louis, Mo., recovered a judgment against J. A. Hamilton on April 25, 1927. On August 26, 1927, an involuntary petition in bankruptcy was filed against Hamilton. The question arose as to whether the judgment was obtained within four months before the filing of the petition. The Court in this case said:

"The general rule in computing time is to exclude the first day and include the last. This is the rule of the Bankruptcy Act whenever the time is enumerated by days. Section 31a (11 U.S.C.A. § 54). It has been held that the rule of computation stated in section 31 as to days should be applied when the time is limited by months or years. In Re De Lewandowski, D.C., 243 F. 787, and cases cited.

"In the case at bar, to ascertain whether the judgment was taken within four months before the filing of the petition, we must exclude the day of the petition and count backward toward the day of the judgment. This must be the method whenever the computation is of time before a certain event. Both parties here agree that this is the proper procedure. Applying this method, excluding August 26 and counting backward, we find August 25 is the last day of the first month, that July 25 is the last day of the second month, that June 25 is the last day of the third month, that May 25 is the last day of the fourth month, and that April 25 is the last day of the fifth month before the day the petition was filed. Therefore April 25 is not within four months before August 26."

In Park Lane Dresses, Inc., v. Houghton & Dutton Co. et al., 1 Cir., 54 F.2d 33, it was held that the appointment of receivers for corporations pursuant to application of creditors was not a continuing act of bankruptcy to within four months of voluntary petition.

In Northwestern Pulp and Paper Co. v. Finish Luth B. Concern, 9 Cir., 1931, 51 F.2d 340, 341, it was held that "in failure to discharge preference, both elements of act of bankruptcy must occur within four months' period prior to filing of petition."

Applying the rule set out in the above cases it will be observed that the act of bankruptcy as alleged in the petition occurred on July 28, 1949. This day is excluded and the four months' period commenced to run on July 29, 1949. The first month being from July 29, 1949 to the end of the day of August 28, 1949, the second month was from the 29th of August 1949 to the end of the 28th of September 1949. The third month was from the 29th of September to the end of the 28th day of October 1949. The fourth month was from the 29th day of October to the end of the 28th day of November 1949.

The petition in bankruptcy having been filed on November 29, 1949, the same did not come within the fourth month period after the act of bankruptcy and, therefore, the petition in bankruptcy must be dismissed.