## In the Matter of DORADO PLASTICS CORPORATION.

### No. 51-58.

United States District Court
D. Puerto Rico,
San Juan Division.
June 8, 1960.

Otero Suro & Otero Suro and Ismael H. Herrero Jr., San Juan, P. R., for trustee.

Hernan G. Pesquera, San Juan, P. R., for creditor.

RUIZ-NAZARIO, District Judge.

This action is now before the Court on a petition of Seaboard Plastics Button Company, Inc. to review the Referee's order of March 9, 1960 denying the reconsideration of his March 4, 1959 order disallowing claims Nos. 16 and 17 of said creditor on the ground that the same were barred by the running of the period of limitations provided for in Sec. 57, sub. n of the Bankruptcy Act (Title 11 U.S.C.A. § 93 sub. n).

The section so invoked by the Referee in support of his ruling provides, among other things, that

"all claims provable under this title * * * shall be proved and filed in the manner provided in this section. Claims which are not filed *within six months* after *the first date set for the first meeting of creditors* shall not be allowed" etc.

It appears from the Referee's record on review that on August 8, 1958 the Referee mailed his notice to the creditors of the bankrupt, Dorado Plastics Inc., stating among other things, that the *first meeting of creditors* would be held on *August 22, 1958,* at 2:00 P.M.

The last paragraph of said notice, entitled "Last Day to File Claims", reads as follows:

"Please Take Notice that *February 22, 1959* is the last day to file claims in this case."

Petitioner herein filed its claims Nos. 16 and 17 with the Referee on February 23, 1959.

Whereupon the Referee on March 4, 1959 disallowed both claims holding that both were barred under Sec. 57, sub. n of the Act (Title 11 U.S.C.A. § 93, sub. n) the pertinent part of which has been quoted above.

Petitioner moved for a reconsideration of said order, a hearing thereon was had before the Referee on March 9, 1960, and the Referee denied reconsideration by his order of March 9, 1960, which is now before me on review.

In its petition for review petitioner contends that the Referee erred in his aforesaid order in holding that neither the rule of computation of time provided in Section 31 of the Bankruptcy Act (Title 11 U.S.C.A. § 54) nor that provided in Rule 6(a) of the F.R.Civ.P. 28 U.S.C.A. were applicable in computing the period given to creditors for filing their claims under Sec. 57, sub. n of the Act (Title 11 U.S.C.A. § 93, sub. n).

There is no doubt that, in so holding, the Referee was in error.

As the Referee concedes, February 22, 1959 was a Sunday and being a national holiday it was observed on February 23, 1959, a Monday which was thus a holiday.

Sec. 31 of the Act (Title 11 U.S.C.A. § 54) reads as follows:

"Whenever time is enumerated by days in this title, or in any proceeding thereunder the number of days shall be computed by excluding the first and including the last, *unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or a holiday*". (Emphasis supplied.)

This section of the Act has been construed to apply where the time is enumerated by months or years.

See: In re Holmes, D.C., 165 F. 225; In re De Lewandowski, D.C., 243 F. 787; In re Black, D.C., 14 F.2d 245; In re Hamilton, 7 Cir., 29 F.2d 281.

Rule 81 (a) (1) of the F.R.C.P. provides that said rules "do not apply to proceedings in bankruptcy * * * *except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States.*" (Emphasis supplied.)

On January 16, 1939, the Supreme Court made the F.R.C.P. applicable to proceedings in bankruptcy, amending General Order 37 to read as follows:

"In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding". See: U.S.C.A. Title 11, following section 53.

Rule 6(a) of the F.R.C.P., thus applicable to proceedings in Bankruptcy reads as follows:

"(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday."

Under Sec. 57, sub. n of the Act (Title 11 U.S.C.A. § 93, sub. n) the petitioner, as a creditor of the bankrupt, was entitled to fully enjoy a period of *six months after the first date set for the first meeting of creditors,* (which, as per the Referee's notice of August 8, 1958, was to take place on August 22,

1958 at 2:00 P.M.) to file its profits of claims.

Said six months period computed pursuant to Sec. 31 of the Act (Title 11 U.S.C.A. § 54), as construed in the cases cited supra, as well as pursuant to Rule 6(a) of the F.R.C.P., was to expire on February 22, 1959 if said date were not a Sunday or holiday, but if it was, then it would not expire until the next day which was neither a Sunday nor a holiday. Thus petitioner had until February 24, 1959 to file its claims.

The Referee knew, as he concedes in his certificate on review (Par. 4(b)) that February 22, 1959 fell on a Sunday and as it was a national holiday it would be observed on Monday, February 23, 1959, which was thus a holiday. This fact he knew, or must have known, on August 8, 1958, when he prepared and mailed his notice of that date, in the last paragraph of which he set February 22, 1959 as the last day to file claims in the case.

The Referee did not have any power to shorten petitioner's period to file its claims by two days as he did by his August 8, 1958 notice setting February 22, 1959 as the last day to file claims. His action in this respect was unauthorized and void.

See: In re New York St. Moritz Hotel Co. Inc., D.C.S.D.N.Y., 57 F.2d 602.

The Referee's action in this respect must be, therefore, set aside and vacated.

As petitioner filed its claims Nos. 16 and 17 on February 23, 1959, i. e. one day before the expiration of the period it lawfully enjoyed for that purpose, said claims were .timely filed and were not barred.

The Referee's order of March 9, 1960, as well as his March 4, 1959 disallowance of petitioner's said claims as barred under Sec. 57, sub. n of the Act (Title 11, U.S.C.A. § 93, sub. n) the subject of review herein, must be vacated and set aside.

It is so ordered.