In re Alan **KRAMER** dba Alan Kramer Trucking, Debtor.

**GRAHAM OIL CO.,** an Oregon Corporation, Appellant,

v.

**GORDON C. YORK, INC.,** Trustee, Appellee.

Bankruptcy App. Panel No. OR 86–1155 EAsMe.
Bankruptcy No. 682–08196.
Adv. No. 684–6135.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Without Oral Argument on July 25, 1986.

Decided Aug. 18, 1986.

Donald H. Landes, Hedges & Landes, North Bend, Or., for appellants.

Keith Y. Boyd, McGavis & Boyd, P.C., Eugene, Or., for appellees.

Before ELLIOTT, ASHLAND and MEYERS, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

Graham Oil Company appeals from an order of the Bankruptcy Court setting aside its garnishment of Kramer Trucking's bank account as a voidable preference, 11 U.S.C. § 547. We review the bankruptcy judge's ruling on stipulated facts *de novo*.

## ISSUE

We first address the threshold issue of the disqualification of the bankruptcy judge. The parties filed a joint stipulation of facts and each party requested summary judgment on those facts. It was the court's policy to set motions for oral argument. However, the judge inadvertently granted the motion without argument.

When the error was called to her attention, she set it for argument and the transcript shows that appellant had ample opportunity to argue.

■ Counsel for Graham Oil Co. misstates the law. He quotes only that portion of 28 U.S.C. § 455 disqualifying the judge if the judge has expressed an opinion concerning the merits of the particular controversy. The complete sentence reads:

(b) He shall also disqualify himself ...

(3). Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

This obviously refers to opinions expressed as a government employee before taking the bench. In addition, a judge is not disqualified by comment or expression of opinion gained solely from evidence in the case, see *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1329 (8th Cir.1985) (opinion expressed on the merits, based on the evidence, does not disqualify judge); and *Mayes v. Leipziger*, 729 F.2d 605 (9th Cir. 1984) in which the court said, at 607,

To provide grounds for recusal, prejudice must result from some external source.... A judge's previous adverse ruling alone is not sufficient bias.

We hold that the bankruptcy judge was not disqualified.

The issue on appeal is whether fractions of a day are considered in calculating the 90 day preference period of 11 U.S.C. § 547. We agree that fractions of a day are excluded and affirm.

## FACTS

The facts were stipulated to for purposes of cross motions for summary judgment.

1. Graham Oil Company was an unsecured, judgment creditor of Kramer Trucking.

2. Graham's judgment was obtained more than 45 days prior to August 26, 1982.

3. Graham garnished Kramer Trucking's bank account at 3:45 p.m. on August 26, 1982.

4. The bank paid $7,418.61 to the court clerk on or about August 27, 1982 as a result of the garnishment.

5. Kramer Trucking was insolvent or rendered insolvent at the time of the garnishment.

6. The garnished funds were applied to Kramer Trucking's antecedent debt owed to Graham Oil Company.

7. Kramer Trucking filed bankruptcy with the court at 3:55 p.m. on November 24, 1982.

8. As a result of the garnishment, Graham Oil Company was paid a greater percentage of its debt than would be paid in this Chapter 7 proceeding had the garnishment not been successful.

9. Graham Oil Company is not an insider within the meaning of 11 U.S.C. § 101(28).

## DISCUSSION

Graham Oil argues that the elapsed time between the time of garnishment and the time the bankruptcy case was filed was 10 minutes more than 90 days and therefore outside the preference period.

11 U.S.C. § 547(b)(4)(A) provides as follows:

> (b) ..., the trustee may avoid any transfer of an interest of the debtor in property
>
> .      .      .      .      .
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition.

Neither the date of garnishment, August 26, 1982, nor the date the bankruptcy case was filed, November 23, 1982, fell on a Saturday, Sunday or holiday and therefore we need not become embroiled in the controversy [1] over whether to count backwards from the bankruptcy filing or for-

ward from the transfer. Either way, the transfer occurred or the bankruptcy was filed on the 90th day.

Section 31 of the Bankruptcy Act of 1898 provided, in part:

> Whenever time is enumerated by days in this Act, or in any proceeding thereunder the number of days shall be computed by excluding the first and including the last, ....

Two early cases interpreted § 31 of the former Act as excluding fractions of days. The Supreme Judicial Court of Maine so held in *Jones v. Stevens*, 5 Am.B.R. 571, 94 Me. 582, 48 At. 170 (1901), holding that an attachment occurring at 10:00 a.m. on September 9, 1898 was within the 120 day period of a bankruptcy petition filed at 2:30 p.m. on January 9, 1899 (elapsed time, 4 months and 4½ hours). The court stated that since Congress had provided a formula for time computation, it was not necessary to review the general rules as to time computation. In *In re Warner*, 16 Am.B.R. 519, 144 Fed. 987 (D.C.Conn.1906), the court held that an attachment made about 9:00 a.m. on February 8, 1905 was within the four months prior to June 8, 1905 at 5:00 p.m., the time of the filing of the petition in bankruptcy (elapsed time, 4 months and 8 hours).

■ Except for shortening the preference period from four months to 90 days, § 60(a) of the Bankruptcy Act of 1898 is essentially the same as the present Code, 11 U.S.C. § 547 (with exceptions and refinements not here relevant). Therefore, the *Jones v. Stevens* and *In re Warner* cases, both well reasoned, are precedents which we choose to follow. Since the transfer occurred on August 26th, the 90th day before bankruptcy, the trustee may recover the amount garnished. Only the dates, and not the precise times the transfer and bankruptcy occurred, are relevant.

AFFIRMED.

1. *See: Enterprise Fabricators,* 36 B.R. 220 (Bankr.M.D.Tenn.1983) and *In re Fabmet Corp.,*

31 B.R. 414 (Bankr.N.Y.1983).