52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Franklin ELDRIDGE; Carolyn Eldridge, Debtors.
Franklin ELDRIDGE; Carolyn Eldridge, Appellants,
v.
COAST-TO-COAST MARKETING COMPANY, INC., Budd Cohen, Appellees.
 No. 93-17188.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided April 13, 1995.
 
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franklin and Carolyn Eldridge brought a preference avoidance action pursuant to 11 U.S.C. Sec. 547(b) to set aside an alleged preferential payment of $100,000 to Franklin Eldridge's former client in settlement of malpractice and related claims. After hearing evidence presented by the Eldridges, the bankruptcy court dismissed the claim and denied a motion for reconsideration. The Eldridges appealed to the bankruptcy appellate panel (BAP), which affirmed. They now appeal to this court.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 158, and we affirm.
 
 
 4
 Pursuant to settlement of malpractice claims by Coast-to-Coast Marketing Company, Inc. (CCM) and Budd Cohen, the Eldridges paid CCM and Cohen $100,000 on February 28, 1986. On July 15, 1986, because the Eldridges allegedly had not complied with the settlement agreement, Cohen and CCM filed suit in Arizona state court to recover damages they contended were caused by malpractice and other alleged improper acts by Franklin Eldridge. On August 15, 1986, the Eldridges filed a Chapter 11 petition in the bankruptcy court.
 
 
 5
 In their preference avoidance action, which is the subject of this appeal, the Eldridges argue that when CCM and Cohen filed suit in Arizona state court on July 15, 1986, they rescinded the settlement agreement. This, the Eldridges argue, created an equitable restitutionary interest in their favor in the $100,000 they had paid on February 28, 1986. They contend this resulted in an absolute right to the return of $100,000, and because the right to receive the money was absolute it was constructively received by them on the date of rescission, July 15, 1986, and when CCM and Cohen refused to repay it a transfer to CCM and Cohen occurred. This was within ninety days of the Eldridges' Chapter 11 petition, and as a result they argue they are entitled to repayment of the money as a section 547(b) preference.
 
 
 6
 While this argument is unique, we reject it. As the BAP correctly stated:
 
 
 7
 The only relevant transfer occurred when Eldridge tendered $100,000.00 to Cohen and CCM on February 28, 1986. The petition was filed on August 15, 1986. The transfer occurred a full 168 days prior to the filing of the petition. Since the 168 days is well beyond the 90 day preference period, we hold that the transfer was not a preferential transfer under Sec. 547(b). See Union Bank v. Wolas, 502 U.S. 151, 112 S.Ct. 527, 529-30, 116 L.Ed.2d 514, 520 (1991); In re Kramer, 64 B.R. 531, 533 (9th Cir.BAP 1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3