In re ROANOKE FURNACE CO.

(District Court, E. D. Pennsylvania. April 5, 1907.)

No. 858.

BANKRUPTCY—CREDITORS—STATUS AS ESTABLISHED BY FORMAL PROOF OF CLAIM.

One who has filed a formal proof of claim against a bankrupt's estate has a prima facie status as a creditor, which cannot be collaterally attacked, but continues, unless his claim is objected to and disallowed either when first presented or on reconsideration, as provided in Bankr. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443].

In Bankruptcy. On exceptions to report of referee upon petition to discharge trustee.

Turner K. Hackman and Charles F. Eggleston, for petitioner.
Arthur G. Dickson and John Dickey, Jr., for trustee.

J. B. McPHERSON, District Judge. In June, 1901, the petitioner filed a formal proof of claim against the bankrupt estate, which has never been disallowed. Whether it has been assailed in one or another

of the regular methods pointed out by Bankr. Act July, 1, 1898, c. 541, § 57, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], I do not know; but, if such attack has been made, the controversy is still pending, and the petitioner's formal proof has not yet been overthrown. This being so, the proof of claim is prima facie evidence that the allegations made therein are correct (Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584), and the petitioner's status as a creditor must stand until it shall be properly and successfully attacked.

Having this status, the petitioner presented certain charges against the trustee in February, 1907, and asked for his removal. Upon this petition the court granted a rule to show cause, and the trustee thereupon filed a plea that the petitioner was not a creditor of the bankrupt estate and had no claim upon the assets. The petition and the plea were sent to the referee—not, as seems to be supposed, in the character of a special referee, but in the character of general referee having the whole of the proceeding in his charge and under his supervision—and the report now under consideration sustains the plea, and finds that the petitioner is not a creditor and has no claim upon the assets of the estate. Without taking up the exceptions in detail, it is enough to say that, in my opinion, this conclusion is erroneous. The proof of claim not having been disallowed, the petitioner has the prima facie standing of 'a creditor, which cannot be made the subject of collateral attack. Section 57 prescribes the methods by which a claim can be objected to and set aside, either when it is first presented or after it has been formally allowed, and these methods, I think, are exclusive. Having once been allowed, a claim continues to be valid, unless it is afterwards set aside by the proper procedure.

It follows that the finding of the referee must be disapproved, and the plea of the trustee be set aside; and it is further ordered that the trustee answer the petition to remove on or before April 20th.