## In re L. H. SEIFER & SONS, Inc. *

### SEIFER FURNITURE CO. v. SURPRISE.
#### No. 5305.

Circuit Court of Appeals, Seventh Circuit.
May 28, 1935.

Rehearing Denied July 13, 1935.

*Writ of certiorari denied 56 S. Ct. 133, 80 L. Ed. ——.

Rae M. Royce, of Hammond, Ind., and Charles M. Reed and Jesse W. McAtee, both of East Chicago, Ind. (Bomberger, Peters & Morthland, of Hammond, Ind., Riley, Reed, Murphy & McAtee, of East Chicago, Ind., and Edward Rothbart, of Chicago, Ill., of counsel), for appellant.

Willis E. Roe, of East Chicago, Ind., and Louis Dulsky, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an attempted appeal from a decree of the District Court sustaining an order of the referee disallowing the claim of the Seifer Furniture Company against the bankrupt corporation and Charles L. Surprise, trustee in bankruptcy.

It appears that the District Court, on May 22, 1934, made an order sustaining the order of the referee denying the claim asserted. On June 21, 1934, the thirtieth day after the final order, the court entered the following order: "The order sustaining Trustee's objections and disallowing the claim of the Seifer Furniture Company made and entered into May 22, 1934, is hereby, on motion of Seifer Furniture Company, set aside, revoked and vacated, and the order of the referee sustaining trustee's objections and disallowing the claim of the Seifer Furniture Company is now sustained, to which ruling the claimant, Seifer Furniture Company objects and excepts."

Afterward, on July 16, 1934, the Seifer Furniture Company filed its petition for appeal to this court. On the same day the appeal was granted.

The proposition presented is this: On the thirtieth day after the final order was entered and on the last day for perfecting an appeal, the order of May 22d was vacated and immediately re-entered in the same paragraph of the order. No petition for appeal was presented until 25 days thereafter. If the order entered on June 21st was a nullity or a mere device for extending the period within which the defeated party in the court below might perfect its appeal, then the appeal was

granted 55 days after the entry of the final order.

No motion or petition on behalf of appellant for the setting aside of the order for a reconsideration of the issues involved on their merits or otherwise, as required by section 57k of the Bankruptcy Act (11 USCA § 93 (k), was filed. No attempt was made to bring the matter within the provisions of the statute, which are exclusive. In re Roanoke Furnace Co. (D. C.) 152 F. 846, 847.

The court had occasion to pass upon a very similar situation in Re Stearns & White Co. (C. C. A.) 295 F. 833, where the law was very fully discussed and applied.

From the nature of the order, the fact that there was no motion or petition for reconsideration of the merits of the case, the reasonable conclusion is that the order was entered by the court at the request of appellant for the purpose of reviving the right or extending the time given by law for an appeal in such case, and was, therefore, absolutely void. Appellant acquired no rights by reason of it, and the appeal must therefore be dismissed for want of jurisdiction.