## In re HOCHMAN.

No. 39228.

District Court, E. D. New York.

Oct. 4, 1944.

Martin Kingsley, of New York City, for creditor, Ida Ittelman.

Ignatius M. Wilkinson, Corp. Counsel, of New York City (Harry Katz, Arthur H. Goldberg, Isaac C. Donner, and Bernard H. Sherris, all of New York City, of counsel), for City of New York.

MOSCOWITZ, District Judge.

Upon petition of the former Trustee, a creditor moves to reopen this estate, which was closed after the Trustee had accounted on January 11, 1944, and the sum of $134.58 was paid as a dividend to the City of New York on a priority claim for unpaid sales taxes which it had filed with the Referee. An affidavit of the bankrupt annexed to the moving papers avers that he was never during the period involved engaged in any business, trade or commercial activity and that he made no sales of goods

or otherwise but was employed as an operator at a wage or salary. On the basis of this statement, the moving creditor seeks to have the claim of the City of New York expunged and the amount of the dividend directed to be paid to her.

It is stated in the notice of motion that the application is made under Section 2, sub. a(8), of the Bankruptcy Act, 11 U.S.C.A. § 11 sub. a(8), which confers authority upon the court to "reopen estates for cause shown." Even if this were the proper section of the Bankruptcy Act under which to apply for the relief sought, its granting would be discretionary (In re Forman, D.C.N.Y., 45 F.Supp. 295) and this Court would deem it insufficient "cause shown" where the creditor permitted over three and a half years to elapse since the City filed its proof of claim before challenging its validity and where prejudice would result.

But the blanket provision of Section 2, sub. a(8), is to be resorted to only in the absence of other specific enactment with reference to the particular matter involved and has most often served as authority for discretionary reopening of a closed estate where concealed or unadministered assets have later been discovered or cause has been shown to believe that they exist. In re Forman, supra; In re Kweit, D.C.N.Y., 43 F.Supp. 585; In re Boynton, D.C.Wash., 24 F.Supp. 267.

Claims are often allowed before the trustee or creditors can fully investigate them and subsequent information elicited by examination or otherwise reveals that they are improper in whole or in part. It was to provide the procedure by which these allowed claims might be reduced or expunged that Section 57, sub. k, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. k, was adopted (In re Jayrose Millinery Co., Inc., 2 Cir., 1937, 93 F.2d 471) and its provisions have been held to be exclusive. In re L. H. Seifer & Sons, 7 Cir., 1935, 78 F.2d 196, certiorari denied Seifer Furniture Co. v. Surprise, 296 U.S. 618, 56 S.Ct. 138, 80 L.Ed. 438; In re Roanoke Furnace Co., D.C.Pa., 152 F. 846.

Section 57, sub. k, expressly limits the court's power to deal with claims which have once been allowed, providing "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed." Thus this Court is without power to reconsider on its merits the claim of the City of New York. The estate is closed and the limitation of the statute applies. It may be noted in passing that the creditor had over three years from the filing of the claim until the closing of the estate in which to avail herself of the procedure provided for in Section 57, sub. k. The Court is not persuaded by the attempted explanation of the delay offered in counsel's reply affidavit.

The creditor takes the position that the City's claim could not properly be "allowed" because it was not filed within the period prescribed by Section 57, sub. n, of the Act, 11 U.S.C.A. § 93, sub. n, and that if it is not an "allowed claim," the limitation of Section 57, sub. k cannot apply to it. Section 57, sub. n, provides in part that: "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed." It is conceded by both sides that the first meeting of creditors was held on July 8, 1940 and that the City filed its proof of claim on January 8, 1941. No authority whatever is offered by the creditor to sustain her contention that the intervening period consisted of six months and a day rather than the legal six months, and her position is clearly untenable.

Section 31 of the Bankruptcy Act, 11 U.S.C.A. § 54, provides that: "Whenever time is enumerated by days in this title, or in any proceeding thereunder the number of days shall be computed by excluding the first and including the last * * *." This is the usual rule for computing periods of time. While it will be noted that this provision refers to "days," whereas "months" are in issue, it has been uniformly held that the same method of computation is to be employed. Bell v. West, 4 Cir., 1930, 44 F.2d 161; In re Hamilton, 7 Cir., 1928, 29 F.2d 281; In re De Lewandowski, D.C.Mass., 243 F. 787; see also New York General Const.Law Sec. 30 and cases annotated in McKinneys.

Thus the filing was timely and the City's claim was allowed; Section 57, sub. k, precludes reconsideration of the claim on its merits. The motion is in all respects denied.

Settle order on notice.